TACKETT, Appellant, *vs.* HUESMAN, Respondent.

19 525
79a 545

1. The statutory remedy for trespass on land does not supersede the common law remedy. So, a complaint before a justice, which would be insufficient under the statute, may yet be good for the common law action.

*Appeal from St. Louis Law Commissioner's Court.*

G. W. Cline, for appellant. This court has held that the statute giving double damages in cases of trepass, does not take from the party the old remedy, and he may pursue whichever he chooses. *Montague* v. *Papin*, 1 Mo. Rep. 544.

34—VOL. XIX.

*Papin* v. *Kuell*, 2 ib. 26. No written statement is required, when an action is commenced before a justice for a trespass. *Donahoe* v. *Campbell*, 4 Mo. Rep. 34. In trespass, all are principals. Those who assent to it, after it is done, are equally liable with those who committed it. 6 Mo. Rep. 175.

*S. H. Gardner*, for respondent. 1. The complaint shows that the trespass was committed by third parties, and not by the defendant. This is clearly intended for a complaint under the statute, and only lies against the party doing the act, and not for the acts of his agents or servants. 2. The complaint does not show the value of the property injured, destroyed or carried away. 3. Although it may not have been necessary for the party to file a statement, yet, having done so, he is bound by it.

RYLAND, Judge, delivered the opinion of the court.

Tackett commenced his action against Huesman for a trespass, alleged to have been committed by Huesman on land belonging to said Tackett. The complaint was filed before a justice of the peace in Central township, in St. Louis county, and is as follows :

"The state of Missouri, ⎫
"County of St. Louis, ⎬ ss.
⎭

"Enoch Tackett *vs.* Louis Huesman.

"Enoch Tackett complains that one Louis Huesman committed, on or about the 25th day of March, 1853, a trespass upon land not his own, to-wit : On the premises of said Tackett, situated in St. Louis county and state of Missouri, by cutting down and carrying away wood, timber, &c., and spliting and putting up rails on the land and premises of said Tackett, said premises lying and being in St. Louis county and state of Missouri, and conveyed to the said Tackett by deed from William Hensley and Lydia Hensley, his wife, on the tenth day of August, 1837, and described in said deed as the south half of the north-west fractional quarter of section thirty, in township forty-five north, of range six east, in the

Tackett *v.* Huesman.

district of lands subject to sale at St. Louis; and that said Huesman had been regularly notified to cease to cut down any timber or wood of any kind, or to carry away any rails or other timber from the land and premises of said plaintiff, and that, in the face of said notice, he, the said Huesman, did take and carry away from the premises of plaintiff, fencing and rails, contrary to law, and that said Huesman still continues to trespass, as aforesaid, to the injury of the plaintiff, in trespass, to the amount of fifty dollars, for which he asks judgment; and plaintiff further states, that all of said trespasses have been committed by the agents or hands, in the course of their employment, while in the service of said Huesman, by which the said Huesman becomes liable, in trespass, to the said Tackett, in the aforesaid sum of fifty dollars."

The justice issued his summons on this complaint against the defendant, who being served with the process, appeared and a trial was had between the parties, which resulted in a verdict for the plaintiff for ten dollars. An appeal was taken to the law commissioner's court, where, on the calling of the case, the parties announcing themselves ready for trial, the court, upon the defendant's motion, dismissed the suit. From this judgment of the law commissioner's court an appeal was taken, and the case is brought to this court.

1. In looking into the cause of complaint filed by the plaintiff, this court is satisfied it is sufficient, and that it was erroneous for the court below to dismiss this suit. It is not a proceeding under the statute for the recovery of damages to treble the value of the property injured; but it is a sufficient statement of the cause of complaint for the trespasses alleged to have been committed by the defendant, in order for the plaintiff to have his common law action of trespass therefor. It is to be regretted, in this period of legal reform, when efforts are making every where to do away with nice technicalities in the statement of causes of action, that such motions as the one made in this case should be insisted upon in our inferior courts, and be sustained by them, instead of trying the merits of the

action between the parties, and settling the dispute as soon as practicable, and with as little cost and delay as possible.

Let the judgment be reversed, and the cause remanded; the other judges concurring herein.