HOLLADAY-KLOTZ LAND AND LUMBER COMPANY,
Respondent, v. T. J. MOSS TIE COMPANY,
Appellant.

79 543
85 644
79 543
92 71

St. Louis Court of Appeals, April 4, 1899.

1. **Trespass on Land**: SUFFICIENCY OF PETITION: PLEADINGS. In
the case at bar the petition fails to allege that the plaintiff was in
the possession of the land at the time of the alleged trespasses, but
it does aver that plaintiff owned it. Held, it is sufficient if he avers
that he was the owner, on the ground that in the absence of an ad-
verse occupancy the title to land draws with it the possession.

2. ———: EVIDENCE. The pivotal question was whether the defendant
bought the ties in question with guilty knowledge of the trespasses.

*Appeal from the Wayne Circuit Court.*—HON. JAMES F.
GREEN, Judge.

REVERSED AND REMANDED.

JOHN H. RANEY with J. C. CARTY for respondent.

The amended petition sufficiently states a cause of
action under the treble damage act. The general rule in
regard to trespass is that all who direct the commission
of a trespass, or wrongfully contribute to its commission, or
procure the commission thereof, or aid or abet others in
doing so, or assent to it after it is committed, are equally
liable to the injured person. Allred v. Bray, 41 Mo. 484;
McManus v. Lee, 43 Mo. 206; Holliday v. Jackson, 21 Mo.
App. 660; Brown v. Perkins, 1 Allen (Mass.) 89; Welsh v.
Cooper, 8 Pa. St. 217. The action of the court in admitting
the testimony of John Catron that he received a load of ties
that came off sections 17-27-5, that he believed were stolen,
was proper, and in no sense error.

M. R. SMITH for appellant.

The amended petition was not in form, under the statute, for treble damages and the lower court so ruled.    R. S. 1889, sec. 8675.    A tie purchaser receiving ties from a party who cut the timber from land not his, and out of which he made them, will not be liable to an action for trespass, jointly with him who took the timber and made and sold them, unless at the time he purchased the ties, he had knowledge that the timber was taken without the authority and consent of the owner, and by trespass, and having such guilty knowledge, yet received and paid for them.    Holliday v. Jackson, 30 Mo. App. 265.    The court committed serious and reversible error in admitting evidence that the Wollard boys and others has cut timber from respondent company's land, and the same, after making into ties, had hauled and sold to appellant company, without showing as it did not, that there was some understanding on the part of appellant company, that amounted to a conspiracy or collusion with such parties, that it was to get the ties obtained by trespass as aforesaid. Holliday v. Jackson, 30 Mo. App. 265; Hart v. Hicks, 129 Mo. App. 104; Ala., etc., Co. v. Reed, 10 So. Rep. (Ala.) 238; Am. Dig. (1892), p. 4995, sec. 26; Benton v. Beattie, 23 Ala. 422; 63 Vt. 186.    The admission of the testimony of John Catron on pages 176-178 of Abstract, that he received a load of ties, that came off of sections 17-27-5, not embraced in the petition, that he believed were stolen, was clearly prejudicial and reversible error; the testimony was wholly irrelevant, and the testimony brought out by appellant offered no ground for its admission over appellant's objection.    Dayharsh v. Railway, 103 Mo. 578; State v. Taylor, 118 Mo. 153; Pattison (Late Dig.), p. 128, sec. 1000; Lowery v. Mining Co., 65 Mo. App. 271.

BIGGS, J.—This is a suit for treble damages for an alleged trespass on land (Revised Statutes 1889, section 8675). After alleging the ownership and title to certain lands to be in plaintiff, the amended petition charges " that on the first day of January, 1894, and on divers days since from said last date until the commencement of this action, the defendant by its servants, agents and employees and by divers persons to this plaintiff unknown, and by colluding, arranging and conspiring with divers irresponsible persons to this plaintiff unknown, entered upon said lands willfully, wrongfully and without right or title thereto, and cut down, destroyed and removed therefrom, and caused and procured to be cut down, destroyed and removed therefrom, a large* number of oak trees standing and growing on said lands, sufficient in number and amount to make thirty thousand railroad cross-ties; that said trees and timber were valuable for cross-ties and were of the reasonable value of eighteen hundred dollars." Then follows a prayer for judgment for treble the value of the timber. The answer is a general denial. Upon a trial of the cause the jury found the issues for the plaintiff and assessed the value of the timber at $100, which amount the court trebled. The defendant has appealed.

At the commencement of the trial the defendant objected to the introduction of any evidence for the alleged reason that the petition did not state facts sufficient to constitute a cause of action under the statute. It is obvious that this particular objection was unavailable to the defendant and was properly overruled, for whatever may be urged against the petition, it assuredly states a cause of action at common law which would authorize a recovery for single damages. (Tackett v. Huesman, 19 Mo. 525). The alleged insufficiency of the petition became important only in governing the court as to the amount of the recovery. In directing

the jury to find only the value of the timber and in its sub-
sequent action in trebling such value, the circuit court nec-
essarily ruled that the petition stated sufficient facts to con-
stitute a cause of action under the statute.    In this way the
quality of the pleading becomes a practical question in the
case, which we will proceed to notice.    The petition fails to
allege that the plaintiff was in the possession of the land at
the time of the alleged trespasses, but it does aver that plain-
tiff owned it.    To maintain the action the plaintiff must have
been in the actual or constructive possession of the land.
The supreme court has ruled that in such an action it is
unnecessary for plaintiff to allege that at the time the tres-
pass was committed he was in the actual possession of the
property.    It is sufficient if he avers that he was the owner.
This ruling is based on the principle that in the absence of
an adverse occupancy, the title to land draws with it the
possession.    (Renshaw v. Lloyd, 50 Mo. 368).    The petition
does not state that the alleged trespasses were committed
contrary to the form of the statute.    In Hewitt v. Harvey,
46 Mo. 368, it was held that this was not necessary as the
statute was not strictly penal.    The petition charges that the
persons who cut and carried away the timber were, "without
right or title thereto."    The language of the statute is that
the alleged trespasser must have "no interest or right" in
the removed property.    It is obvious that the petition sub-
stantially follows the statute.    No other possible objections
can be urged against the petition, and we therefore hold that
it sufficiently states a cause of action under the statute for
treble damages.

The evidence tended to prove that the plaintiff had
title to the land and that it was vacant and unimproved and
the evidence leaves no doubt that certain parties unlawfully
and wrongfully entered upon it, cut down trees thereon, made
the timber into railroad ties, and sold the ties to defendant.
These parties were not the agents or servants of the defend-

ant. In cutting and removing the timber they acted independently and on their own account, as all the evidence conclusively shows, and the only question under the testimony was whether the defendant bought the ties with knowledge of the fact that the trees from which they were made were cut from plaintiff's land and without its consent. It is urged that there is no substantial evidence in the record that defendant had any such knowledge, and that for this reason the defendant's demurrer to the evidence ought to have been sustained, and the ruling of the court thereon is assigned for error. The abstract of the testimony is very voluminous. We have read it and have concluded that this assignment must likewise be overruled. We concede that the weight of the evidence is clearly with the defendant, but with that we have no concern. The issue is one that can seldom be sustained by direct proof. The truth of it can only be inferred from facts and circumstances. The facts relied on by plaintiff, while not entirely satisfactory, furnish a basis for the inference which the jury drew.

The inquiry at the trial concerned the action of certain parties in making ties on plaintiff's land and selling them to defendant. The evidence leaves no doubt that those parties committed the alleged trespasses, and that in the commission of the trespasses they acted independently and not as the agents or servants of the defendant. The pivotal question was (and upon it the liability of the defendant hinged), whether the defendant bought the ties with guilty knowledge of the trespasses (Holliday v. Jackson, 30 Mo. App. 265). In the cross-examination of one of the witnesses for the defense, who had been the agent of the defendant in receiving ties at the railroad station, the court permitted plaintiff's counsel to ask the witness if he had not received ties from Hastings and Howard, and that at the time he received them he stated that he "would bet that those ties had been stolen." The witness answered that he had made

that remark. The defendant objected to the question and answer. The court overruled the objection. The defendant assigns this for error. We think that the admission of this evidence was prejudicial error. It was not claimed that Hastings and Howard had committed trespasses on plaintiff's land. The load of ties referred to were cut from land to which the plaintiff made no claim whatever. This makes the admission of the evidence manifestly erroneous. Its admission was presumptively prejudicial. (Dayharsh v. Railroad, 103 Mo. 570). The insubstantial character of plaintiff's proof confirms this presumption.

After the institution of this suit the defendant changed its manner of doing business by requiring certain parties offering ties for sale to make affidavits that the ties had not been stolen, etc. On the cross-examination of a witness counsel for plaintiff inquired as to this requirement, and the court permitted the witness to testify to it. This evidence was irrelevant and incompetent. The presumption is that it was prejudicial, and we can not say from the record that it was not.

At the instance of the plaintiff the court gave the following instruction:

"Under the deeds and other evidence offered, the plaintiff has shown sufficient title to the S. E. 1-4 and E. 1-2, S. W. 1-4 and S. W. 1-4, S. W. 1-4, Sec. 13, T. 27, R. 5 east, and W. 1-2, N. E. 1-4 and E. 1-2, N. W. 1-4, Sec. 30, T. 27, R. 6 E., to authorize it to recover for any timber wrongfully taken from such lands by the authority or direction of defendant, if you shall find that any timber was so taken by authority of defendant since plaintiff became the owner thereof. And if you further find from the evidence in the case that the defendant, through its agents or employees, at any time between Sept. 1st, 1895, and Dec. 31st, 1896, caused timber to be cut and carried away from the lands aforesaid, then you will find the issues for the plaintiff for

the value of such timber, and state in your verdict whether such timber was received and taken by defendant with knowledge that it had been wrongfully taken from the lands of plaintiff."

On the part of defendant it gave the following:

"The court instructs the jury that although you may find that certain parties, between Sept. 1st, 1895, and the beginning of this suit, cut timber on the lands in section 13, township 27, range 5, and section 30, township 27, range 6, as described in plaintiff's amended petition, and the same made into ties, which they afterwards hauled or caused to be hauled to Taskee, or some other point on the railroad, and sold to the T. J. Moss Tie Company, yet, unless you further find that the T. J. Moss Tie Company, by its agents and servants, had knowledge of the fact, that the timber out of which the said ties were made, had been obtained from lands belonging to the Holladay-Klotz Land & Lumber Company by trespass and without compensation, your verdict should be for the defendant."

The plaintiff's instruction is not in accordance with the evidence. The trespassers on plaintiff's land were not the agents or servants of the defendant. The wrongdoers cut the ties, hauled them to the railroad station, and then sold them to the defendant. There is not a particle of evidence that in cutting the ties they acted as the servants of the defendant. The extent of the proof was that the defendant bought the ties with knowledge of the trespasses. The defendant's instruction was within the evidence and properly submitted the only issue in the case to the jury. The error in plaintiff's instruction may have been harmless, but we call attention to it in order that it may not be repeated on another trial. For the errors pointed out the judgment of the circuit court will be reversed and the cause remanded. It is so ordered. All concur.