MISHLER LUMBER COMPANY, Respondent, v. CRAIG, Appellant.

**St. Louis Court of Appeals, May 2, 1905.**

1. **TRESPASS: Pleading: Treble Damages.** A petition in an action for trespass for cutting and removing timber from plaintiff's land, which failed to state that the defendants had no interest in the timber cut and removed from the plaintiff's land, was insufficient to state a cause of action under section 4572, Revised Statutes of 1899, although it was otherwise sufficient and prayed for treble damages.

2. ———: ———: **Common Law Action.** But such petition was a sufficient statement of a cause of action for trespass at common law to entitle the plaintiff to a judgment for the actual value of the timber taken by the defendant from the plaintiff's land.

3. ———: **Tort of Servant: Mistake.** One was liable in an action for trespass for the value of timber which his servants cut and took from the land of another, though the trespass was done by mistake and without the consent of the master.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Robert S. Rutledge* for appellants.

(1) Defendants' demurrer should have been sustained; there is no allegation in the petition that defendants were partners, a company, jointly interested, consented to, or even had knowledge of the alleged trespass. Merriwether v. Joy, 85 Mo. App. 634; Halliday v. Jackson, 30 Mo. App. 263. (2) The choppers were not the agents, servants or employees of defendants. There was no evidence that defendants consented to, or even knew of the cutting of any piling from plaintiff's land, or got any piling cut from plaintiff's land at all, and the court erred in refusing defendants' instructions to that effect. Lumber Co. v. Tie Co., 79 Mo. App. 543.

*Hubbard & Brown* for respondents.

Appellant cannot complain of the insufficiency of the petition for the reason that this objection is unavailable to appellant, and was properly overruled, for whatever may be urged against the petition, it assuredly states a cause of action at common law, which would authorize a recovery for single damages. Therefore, the insufficiency of the petition would not become important unless the judgment had been for treble damages, which is not the judgment, neither was the court asked to treble the same. Land & Lumber Co. v. Tie Co., 79 Mo. App. 543; Pitts v. Daniel, 82 Mo. App. 168; Renshaw v. Lloyd, 50 Mo. 368; Eastin v. Joyce, 85 Mo. App. 433; Hewitt v. Harvey, 46 Mo. 368.

STATEMENT..

Defendant, J. M. Craig, in 1903, had a contract with the United States government and a Tow Boat company to deliver to the Tow Boat company, cypress and other kinds of piling at the mouth of St. John's Bayou, which empties into the Mississippi river. The evidence

of Rodgers and Craig is that Rodgers had a contract with Craig to make delivery of the piling called for in Craig's contract with the government and the Tow Boat company. The evidence shows that Craig furnished Rodgers money with which to pay his choppers and floaters or paid them on Rodger's order, and that he bought the timber on section 13, township 23, range 15, in New Madrid county, from which the piling was to be cut and floated out into St. John's Bayou. Craig was not present at any time while the piling was being cut and floated, but Rodgers was and employed or hired choppers to go upon the land, cut the piling sticks and float them out into the Bayou, the country being submerged at the time with overflow water from the Mississippi river. The choppers, except in a few cases, were paid by the stick for chopping and floating the timber to the Bayou. The plaintiff, a corporation, owned sections 15, 21, and 22, in township 23, range 15, from which, the evidence tends to show, some of the men employed by Rodgers cut eighty-four sticks of piling timber, of the value of eighty-four dollars, and floated them out and they were received by Rodgers and Craig and delivered to the Tow Boat company on Craig's contract. The evidence is all one way that Rodgers instructed his employees not to cut timber on plaintiff's land, and when an employee was not familiar with the line between plaintiff's and defendant's land, Rodgers took pains to point out the same to him. The overflow was from eight to ten feet deep in the spring of 1903, when the timber was cut, and some of the witnesses testified that the blazes marking the division line were not visible, and we think the evidence clearly shows that none of the employees knowingly cut any timber on the plaintiff's land and that what was cut was through the mistake of the party cutting it. Craig was not on the land or near it at any time during the season the timber was cut and floated out, nor did he employ any of the hands.

Omitting caption, the petition is as follows:

"Plaintiff states that it is a corporation existing under the laws of the State of Missouri, and as such can sue and be sued, and for cause of action states, that it was the owner and in possession of the following described lands on the —— day of ——, 1903, as well as since and prior to that time, said lands described as sections 15, 21 and 22, in township 23, range 15; that these defendants by their agents and employees entered upon the above described lands of plaintiff and committed trespass on the same by cutting and carrying away timber therefrom; that the timber so cut and carried away by these defendants was cypress timber and that most suitable for making piling; that the amount of timber cut and carried away by these defendants were eighty-four trees; and that the reasonable value of the same was eighty-four dollars; that said defendants went upon the said lands of the plaintiff without its knowledge or consent. That by said acts of trespass so complained of the plaintiff has been damaged in the sum of eighty-four dollars, the reasonable price of said timber.

"Wherefore plaintiff prays judgment against the defendants for the sum of two hundred and fifty dollars, treble the amount of damages sustained as in such cases made and provided."

Defendants filed a general demurrer to the petition which the court overruled. Defendants then filed their answer, a general denial.

At the close of all the evidence, the defendants moved that plaintiff be nonsuited, which was refused.

At the request of plaintiff the court gave the following instruction:

"The court instructs the jury that if you believe and find from the evidence that defendants' agents or employees cut timber or piling from the lands of plaintiff, even though you believe it was done by mistake,

then in that event your verdict should be for the plaintiff in such sum as you may find from the evidence the timber to be worth not exceeding the amount sued for."

And refused the following asked by defendant:

"The court instructs the jury that if they find from the evidence that Albert Cracraft and Jim Mason did cut the piling or any part thereof sued for on the lands of plaintiff, unless you further find that they cut said piling at the instance or direction of defendants or either of them or by or with their consent, or either of them and got said piling off said lands of plaintiff, then your judgment should be for the defendants."

The jury found the issues for plaintiff and assessed its damages at eighty-four dollars, for which amount the court rendered judgment. Defendants appealed.

BLAND, P. J. (after stating the facts).—1. From the foregoing statement it will be perceived that the court treated the action as one at common law to recover the actual value of the timber taken from plaintiff's land and converted by defendants to their own use. The pleader undertook to bottom his petition on the Trespass Act (section 4572, R. S. 1899) but failed to allege that defendants had no interest in the timber alleged to have been cut and removed from plaintiff's land. For this reason the petition is not good and failed to state facts to bring it within the provisons of section 4572, supra, however, it states a cause of action at common law for the actual value of the timber taken. [Pitt v. Daniel, 82 Mo. App. 168; Hewitt v. Harvey, 46 Mo. 368; Tackett v. Huesmann, 19 Mo. 525.] And we think the learned trial judge took the proper view of the petition and correctly declared the law by the instruction given for plaintiff. The instructions asked by defendants and refused would have been good if the suit had been bottomed on the trespass section, but as the petition is not sufficient to state a cause of action under that section the instruction was properly refused.

2. The witnesses testified that defendants bought the timber on section 13, township 23, range 15, and put the men to work to cut timber on this section. They further testified that this land joined that of plaintiff, described as section 15, 21 and 22, township 23. Section 13 does not join or even corner with sections 15, 21 or 22 in any township, and the witnesses must have been mistaken as to the numbers of the sections owned by the plaintiff. But the witnesses for both sides testified that the land of plaintiff and defendants joined, and spoke of the dividing line. However this may be, this evidence is of no particular importance, as the controlling issue was whether or not timber had been cut from plaintiff's land by defendants' employees and delivered to them and then converted to their own use. The jury so found and we think there was sufficient evidence to warrant this finding and for this reason the defendants' motion for a compulsory nonsuit was properly refused.

The judgment is affirmed. All concur.