BUTZ, Respondent, v. MURCH BROS. CONSTRUC-
TION COMPANY, Appellant.

St. Louis Court of Appeals, March 23, 1909.

1. **MASTER AND SERVANT: Safe Place to Work: Negligence
of Master: Ordinance: Prima-Facie Case.** In an action by a
workman against his employer for injuries received in falling
from the third story of a building in which he was employed,
on account of the failure of the defendant to cover the joists
and girders of the floor, as required by the ordinances of the city,
the plaintiff made out a prima-facie case of negligence on the
part of the defendant, and all questions relating to the propriety
of submitting the case to the jury were determined by the
Supreme Court on a former appeal. [Butz v. Construction Co.,
199 Mo. 279.]

2. ——: ——: ——: ——: **Instruction.** In such case
where an ordinance of the city required the girders and joists
above the second floor in a building which was being erected
to be covered with temporary flooring to protect the work-
men from falling, this did not prevent a removal of the tempo-
rary floor when it became necessary to proceed with the
work of laying a permanent floor. An instruction authorizing
a verdict for the plaintiff if the temporary floor was not there at
the time of the accident, regardless of testimony which tended
to show it had been necessary to remove it in order to proceed
with the work, was error.

3. ——: ——: ——: ——: **Conflicting Instruction.** Where
an instruction in such case for the defendant which presented
the case correctly was in conflict with one for the plaintiff so
that the two submitted the case on contrary conditions of re-
covery, this was reversible error.

Appeal from St. Louis City Circuit Court.—*Hon.
Daniel G. Taylor,* Judge.

REVERSED AND REMANDED.

*Seneca N. & S. C. Taylor* for appellant.

The judgment should be reversed, because the court erred in giving plaintiff's instruction 1. "Where two separate and independent declarations of law are directly in conflict, one of them declaring the law correctly and the other erroneously, one does not cure the other' and the error is a fatal one, since the appellate court cannot tell by which one the jury were guided." Sheperd v. Transit Co., 189 Mo. 373; Brown v. Lumber Co., 65 Mo. App. 166; Flynn v. Bridge Co., 42 Mo. App. 529; Goetz v. Railway, 50 Mo. 472; Flori v. St. Louis, 69 Mo. 341; McMahon v. Express Co., 132 Mo. 649; Voegeli v. Marble & Granite Co., 49 Mo. App. 650; Linn v. Bridge Co., 78 Mo. App. 118.

*A. R. Taylor* for respondent.

GOODE, J.—Plaintiff was hurt in a fall from the third story of a building which was being erected in the city of St. Louis. He was working on the building in the employ of defendant company, which was putting up the house. A temporary floor had been laid in the third story and was there during the progress of the work; but the day before the accident, and on said day, part of this flooring, the evidence is conflicting as to how much, had been taken up to permit the permanent floor to be laid. Many expert witnesses said all the temporary floor had to be removed before the permanent one could be put down, and said, too, it was usual to do this in erecting a building. The tendency of the testimony for defendant company was to acquit it of negligence in respect of removing the floor first laid, and which had been put down for the protection of workmen in obedience to an ordinance of the city of St. Louis, requiring any person having charge of the construction of a building, to cover the joists or girders above the second floor with scaffold boards or other suitable ma-

terial as the building progressed, so as to sufficiently protect workmen in the upper stories from falling through the joists or girders and the workmen below from the fall of loose material. Plaintiff was injured in this manner; a ladder ascended from the second floor to the third and another ladder from the latter floor to the roof and both were used by the employees engaged on the building. Part of the temporary floor had been left about the spot where the lower ladder emerged into the third story and the upper one arose toward the roof, forming a platform there, but the testimony varies regarding its dimensions, some witnesses saying it was sixteen or ninteen feet by thirty-two feet; whereas others said it was much smaller. The floor was fifty feet wide by eighty feet long and a portion of it had been stripped, but where stripped, some loose boards lay across the girders in places. The girders which ran lengthwise of the building were fifteen feet apart and these were intersected by crosswise girders some seven feet apart. They were from twelve to fourteen inches wide and might be walked on by a workman, though there would be danger of a misstep or a slip. Plaintiff was at work upon the platform near the foot of the ladder leading to the roof and his foreman was at work on the roof. The latter called to plaintiff to hand up some boards twelve feet long for use on the roof. Just where these boards were to be had is uncertain. Witnesses for defendant said a pile of boards lay near the foot of the ladder and plaintiff would not have to step off the platform to reach them; but according to plaintiff he was compelled to go about the room and gather them from where they had been left here and there. He had handed up two of the planks and was walking, he said, toward the platform with a third, when he stepped on a plank five inches wide which lay across the girders and this plank gave way with him, he did not say whether by breaking, slipping or turning, letting him fall to the basement below to his serious injury. He alleges de-

fendant violated the city ordinance in failing to have the girders and joists sufficiently covered with boards while the work progressed, to prevent him and the other workmen from falling through. In defense the answer says the extent to which the joists and girders were covered and uncovered was plainly open, visible and obvious to plaintiff, and he assumed the risk of injury in working and walking about the floor; further that his injuries were sustained as the direct result of his own want of ordinary care in going on and walking over the uncovered portion of the floor. Plaintiff had judgment in the court below and defendant appealed.

One of the principal assignments of error is the refusal of the court to direct a verdict for defendant. The argument for this assignment assumes the evidence shows, beyond inference to the contrary, defendant had kept the third floor covered with boards, so as to protect workmen, until it became necessary to remove the boards in order to lay the permanent floor. We agree with counsel for defendant, the ordinance must not be construed to impose on defendant the duty of keeping the temporary flooring in place at all hazards as long as workmen were engaged in the upper part of the building, even though to do so would interfere with or prevent the laying of the permanent floor. The court below instructed on this theory, but submitted as an issue of fact the question of whether it had become necessary, before plaintiff fell, to uncover the girders to the extent the jury might find had been done. It is further argued a verdict for defendant should have been ordered because the evidence shows the uncovering of the floor had nothing to do with plaintiff's injury, since his own testimony proved he fell in consequence of stepping on a board only five inches wide, which lay loose across the girders, when he might have walked on the stanch twelve-inch girders themselves; thereby either doing a negligent act or assuming the risk of using an insecure

137 App.—15

footing in preference to a secure one. These questions were determined by the Supreme Court on a former appeal of the case and we cannot, with propriety, discuss them on their merits. Counsel for defendant say the Supreme Court did not have the full facts of the case before it and hence the decision it gave is not controlling. What is especially emphasized at this point, is the supposed absence from the former record of proof that plaintiff might have walked on the broad joists and girders instead of the precarious board. The Supreme Court did not say much about this circumstance in its opinion, but we know it was in proof, for in describing the condition of the building, the opinion says: "The main girders for the floor, of yellow pine, twelve by fourteen inches running lengthways of the building and from fourteen to sixteen feet apart, with cross girders or joists about seven feet apart, were in place without any covering over them or the spaces between them, except that here and there were some loose boards, at distances varying from eight to twenty feet apart on the joists or girders and across the spaces between them." The opinion next relates the manner in which plaintiff was hurt, as we have related it. It thus appears the record the Supreme Court passed on contained the evidence to which defendant now attaches so much importance. At the first trial the court ordered a verdict for defendant, whereupon plaintiff took a nonsuit with leave, and afterwards appealed; the question for decision being whether or not the case should have been submitted to the jury and the ruling was it should have been. That judgment is the law of the case. [Butz v. Const. Co., 199 Mo. 279.]

In the first instruction for plaintiff the jury were thus advised: if they found plaintiff was, on June 9, 1903, in the service of defendant on the third floor of the building mentioned in the evidence, and defendant was in charge of the construction of the building, and it was part of plaintiff's duty to work on said floor;

and further found "defendant did not have the joists
or girders of said floor covered with scaffold boards or
other suitable material, as the building progressed, *and
at said time,* so as to sufficiently protect the workmen,
including plaintiff, from falling through such joists or
girders," and further found plaintiff, while at work on
the third floor of said building on said day, fell through
the joists or girders and was thereby injured, and that
defendant's failure to have the third floor covered with
scaffold boards or other suitable material so as to pro-
tect workmen, including plaintiff, from falling through
the joists or girders, directly contributed to cause him
to fall and sustain the injuries mentioned in the evi-
dence, and plaintiff was exercising ordinary care at the
time, then he was entitled to recover. We have itali-
cised words which render the instruction erroneous. The
effect of the charge was to permit a verdict for plaintiff
if the jury found defendant did not have the floor cov-
ered on June 9th, the date of the accident so as to pro-
tect workmen, including plaintiff, from falling. This
part of the instruction ignored the evidence tending to
prove it previously had become necessary to take up
the temporary floor so as to lay the permanent one, which
had been done in part the day before, and in part on
the day of the accident. The same error appears but
less conspicuously, in the second instruction given for
plaintiff. The just interpretation of the ordinance
adopted by the court in instruction number seven given
for defendant, allowed removal of the temporary floor
whenever, and to the extent, it became necessary to re-
move it in order that defendant might go on with the
construction of the building. It was not the intention
of the municipal authorities to require the safeguard to
be maintained when to do so would stop construction
work. If defendant did not remove the temporary floor
until this had to be done to lay the permanent one, and
then only left so much of the girders uncovered as was
necessary, it was guilty of no negligence and is not an-

swerable for the accident to plaintiff, even though he would not have fallen if the entire covering had been left in place. In that event his injury was due to the usual hazards of his employment, of which he assumed the risk. [Blundell v. Mfg. Co., 189 Mo. 552.] Under the judgment given on the prior appeal, whether the temporary covering had been removed too soon, or over too large a space, was a question of fact. But the effect of the instruction we are reviewing was to lay defendant responsible if it did not keep the floor covered so as to protect the workmen, including plaintiff, down to the day of the accident, regardless of testimony that this could not be done without hindering work on the permanent floor. The instruction for defendant which presented the question in the proper light, was in conflict with the one for plaintiff and the two submitted the case on contrary conditions of recovery. On this account the judgment must be reversed. [Sheperd v. Transit Co., 189 Mo. 362; Flori v. St. Louis, 69 Mo. 341; Flynn v. Bridge Co., 42 Mo. App. 529.] Plaintiff's counsel insists his instruction allowed a recovery only on the contingency of the jury finding the joists were not covered as the work progressed. But this view leaves out of sight the words we have italicised, which indubitably pointed to the day of the accident as the time when the girders must have been covered to exempt defendant from liability. Moreover, if we accept the argument for plaintiff; the cause was submitted on an immaterial issue; for plaintiff would not be entitled, of course, to a verdict by reason of the girders not being covered as the work progressed or unless the lack of a covering caused him to fall. The case comes down to these issues; whether they were covered sufficiently when he fell; if they were not, had defendant carelessly uncovered them, and did plaintiff negligently contribute to his injury.

The judgment is reversed and the cause remanded. All concur.