# TOM VAUGHN, by Next Friend, Respondent, v. CHARLES MAY, Appellant.*

In the Springfield Court of Appeals, July 1, 1925.

1. **PLEADING: Practice: Every Intendment Indulged in Favor of Petition After Verdict.** Where at beginning of trial defendant's objection to introduction of evidence on ground that petition failed to state cause of action was overruled, and he saved his exception, every intendment will be indulged in favor of petition after verdict.

2. **LIBEL AND SLANDER: Pleading: Petition Held Good as Against Complaint That There Was no Sufficient Averment of Slanderous Character of Language Applied to Plaintiff.** In action for slander in charging plaintiff in presence of others with painting defendant's store and other property yellow, constituting a malicious mischief, *held*, that petition was good as against complaint that there were no sufficient extrinsic averments showing slanderous character of language used when applied to plaintiff.

3. **PLEADING: Libel and Slander: Omission in Petition for Slander Held Cured After Verdict.** In action for slander, where plaintiff charged defendant with accusing him, in presence of others, of a malicious mischief, under section 3383, Revised Statutes of 1919, in painting defendant's property yellow, *held*, that petition was not fatally defective in failing to aver that plaintiff had no ininterest in the property so painted, in view of allegations in the petition indicating that plaintiff had no interest therein, the rule being that defects of omission are cured after verdict where omitted allegations may be implied from allegations of petition.

4. **MALICIOUS MISCHIEF: Acts Held to Constitute Malicious Mischief Under Statute.** Smearing property with yellow paint *held* to constitute malicious mischief under section 3383, Revised Statutes of 1919, the word "injure" as used in that section being construed to mean an injury which would render the property less agreeable, useful, or comfortable for the purpose for which it was intended.

5. **LIBEL AND SLANDER: Criminal Statute: Civil Action: Actionable Slander.** In order to constitute actionable slander in charging one with the commission of a crime, it is not necessary that the crime charged be one embraced in section 3612, Revised Stat-

utes of 1919, setting out acts for which one may be prosecuted criminally for offense of slander.

6. ————: **Malicious Mischief: Words Imputing Crime of Malicious Mischief Constitute Actionable Slander.** Words imputing the crime of malicious mischief constitute actionable slander, since one convicted of such crime may be punished by imprisonment in county jail under section 3417, Revised Statutes of 1919; the rule being that words are actionable which impute indictable offenses for which corporal punishment may be inflicted.

7. ————: **Words Not Actionable Per se, Must Have Been Understood as Imputing Crime.** Where words complained of were not actionable *per se*, it was necessary for plaintiff to plead and prove that words were understood by hearer to impute crime to plaintiff.

8. ————: **Identical Words Must be Proven.** The identical words complained of in petition charging slander must be proved to constitute the slanderous charge imputed or charged to have been imputed in the petition, and it will not be sufficient to prove different words of similar import.

9. **APPELLATE PRACTICE: Appellant Cannot Complain of Error Where Making Same Error.** In action for slander, where plaintiff's instruction was erroneous in not requiring jury to find that defendant spoke identical words with those charged in petition, but only required them to find substantially the same words, defendant could not complain, inasmuch as in his own instruction he made the same error; the general rule being that an appellant cannot successfully complain of an error, where he is guilty of making the same error.

10. **TRIAL: Instruction Erroneously Refused.** In action for slander, an instruction requested by defendant, charging jury that they must find for defendant if they believe from the evidence that all defendant said when asked as to who painted property was "that the dogs went to" plaintiffs, *held*, that such charge was not a comment on the evidence, but was based on defendant's evidence and presented his theory of the case, and should have been given.

11. **LIBEL AND SLANDER: Mental Anguish and Humiliation: Damages.** There is no rule by which damages for mental anguish and humiliation for slander may be measured.

12. ————: **Publication: No Standard as to How Many Must Hear and Understand Alleged Slanderous Words.** The law fixes no standard as to the number of persons who must hear and understand alleged slanderous words, but one is sufficient.

13. ———: **Injury to Reputation.** Injury to reputation is a proper element of damage in a suit for slander.·

---

\*Headnotes 1. Appeal and Error, 4 C. J., Section 2677; Pleading, 31 Cyc., p. 82; 2. Libel and Slander, 37 C. J., Section 329; 3. Pleading, 31 Cyc., p. 769; 4. Malicious Mischief, 38 Cyc., Section 9; 5. Libel and Slander, 36 C. J., Section 102 (Anno); 6. Libel and Slander, 36 C. J., Sections 102, 160 (Anno); 7. Libel and Slander, 37 C. J., Section 330, 460 (Anno); 8. Libel and Slander, 37 C. J., Section 447; 9. Appeal and Error, 4 C. J., Sections 2606, 2620; 10. Libel and Slander, 37 C. J., Section 556; Trial, 38 Cyc., p. 1653 (Anno); 11. Libel and Slander, 37 C J., Section 568 (Anno); 12. Libel and Slander, 36 C. J., Section 179; 13. Libel and Slander, 37 C. J., Section 566.

Appeal from the Circuit Court of Greene County.—*Hon. Guy D. Kirby,* Judge.

REVERSED AND REMANDED.

*Frank Sea,* of Bolivar, *Addison Brown,* of Springfield, and *Barbour & McDavid,* of Springfield, for appellant.

(A)  Plaintiff's petition does not state a cause of action and the court erred in overruling defendant's objection made at the beginning of the trial to the introduction of any evidence on the part  of  the  plaintiff. There was no allegation in the plaintiff's petition to the effect that plaintiff had no interest in defendant's property that was alleged to have been painted.  That necessary, constituent element of the crime of malicious mischief was omitted and the omission cannot be implied from what is stated and the defeat cured by verdict.  McKim v. Moore, 291 Mo. 697.  According to the law of Missouri as announced by its Supreme Court to render words actionable *per se* they must impute the commission of crime.  Lacking this essential element the petition must contain preliminary averments designated as a colloquium charging the existence of such facts as will render the words actionable *per se.*  Ibid.  The words ''It

was Tommie Vaughn who done the painting" are not actionable *per se* because they do not within themselves impute the commission of a crime and as they lack that essential element the petition should have contained preliminary averments designated as a colloquium charging the existence of such facts as will render the words actionable *per se*. Where there is a statutory definition of a crime detailing what facts constitute the crime it is necessary to set out that all of the constitutive facts were present in the instant case or the allegations fall short of charging the crime. Parsons v. Henry, 177 Mo. App. 329. (B) The alleged crime of malicious mischief, which the plaintiff calls malicious trespass, does not involve either moral turpitude or subject the guilty party to infamous punishment, on which account the alleged charging of the commission of the crime of malicious mischief does not constitute actionable slander. The law in such cases is as follows: "In case the charge, if true, will subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, then the words will be actionable in themselves and this text has been accepted and applied so often and so generally that it may be accepted as settled law." Cooley on Torts, Third Edition, pages 377-8. While it is true that there is some *obiter dictum* in some of the decisions of the courts of this State which apparently hold the contrary, the law in this State is nevertheless the same as above announced. This court in deciding the case of Caffey v. Moffatt, 246 S. W. 52, announced the law as follows: Words to be actionable when spoken of a person not in any office, trade or profession must imply the imputation of an offense which would subject the offender to some infamous crime and defamatory words falsely spoken of a person which are not slanderous *per se* only become actionable when special damage is pleaded and proved. The following decisions are to the same effect. Nelson v. Musgrave, 10 Mo. 648; Curry v. Collins, 37 Mo. 324-328. The Supreme Court

in the case of Birch v. Benton, 26 Mo. 153, held that it wasn't actionable slander to charge a man with whipping his wife, the crime of assault and battery. The same court held in the case of Speaker v. McKinsey, 26 Mo. 254, that it was not actionable slander to charge a man with whipping his mother, the crime of assault and battery. In the later case of Curry v. Collins, supra, the court held that in an action for slander there should have been some averments by way of inducement, for the purpose of showing that the word "bushwhacker" was used in a sense that would impute to the plaintiff some indictable offense involving moral turpitude or some infamous corporal punishment. Section 3383, Revised Statutes of Missouri, 1919, sets out the constitutive facts that are required to be shown in order for it to appear that one is guilty of the crime of malicious mischief, one of which facts required to be shown is that the party has no interest in the property. Furthermore it is required that the action be "wilfully" done and there is no such allegation in the plaintiff's petition. Section 3612, Revised Statutes of Missouri 1919, defines crimes involving moral turpitude or infamous punishment. Since there was no allegation of having no interest in the property, which was indispensable, plaintiff's petition did not state a cause of action. In view of the fact that the alleged offense did not involve moral turpitude or infamous punishment the plaintiff's petition did not state a cause of action. (2) Plaintiff's Instruction No. 1 is erroneous for the reason that it authorizes a verdict if the jury believe from the words used that the defendant intended to and did charge the plaintiff with having been guilty of the crime of malicious trespass. There is no such crime as malicious trespass either at common law or under the statutes of Missouri, and the error of using a term which is named a crime in an instruction which is in fact not the name of any crime cannot be cured by some definition instruction. As the plaintiff's sole defense was that he did not use the words charged

to have been used but used other words of a different import and that he did not allege as a defense that the words charged to have been used were true, it was error for the court to include in the first instruction "and if you find that said language was false and untrue" for that was an instruction on an issue not in the case. Plaintiff's instruction No. 1 is erroneous for the reason that it did not require the jury to find that the plaintiff used the words "It was Tommie Vaughn who done the painting." It limited the necessary finding to "substantially the same words." The law requires the jury to find that the exact words were used. Haynes v. Robertson, 175 S. W. 292; Spillman v. Freymann, 246 S. W. 978-9; Hauser v. Stiggers, 137 Mo. App. 560. The use of "or substantially those words" in defendant's Instruction A will not cure the defect above mentioned for the reason that Instruction A specifically states "and proof that he uttered equivalent words or words of similar import will not do."

*Roscoe Patterson,* of Springfield, *J. M. Leavitt,* and *Herman Pufahl,* both of Bolivar, for respondent.

(1) There is nothing before this court except the record proper, and the judgment of the trial court should be affirmed, for the reason that there is no error in the record proper. We insist that in this case neither what appellant has seen fit to call his "record proper," nor what he has seen fit to call his "bill of exceptions," show that any bill of exceptions was ever signed or filed. Appellant must serve respondent with his abstract thirty days before the case is set for hearing and in like time file eight copies with the clerk. The abstract so served is the only one which can be considered. Maupin v. Western Union Tel. Co., 162 Mo. App. 711; Hodson v. McAnerey, 167 Mo. App. 468; Tharp v. C. B. & Q. R. R., 157 Mo. App. 495; Smith v. Russell, 171, Mo. App. 324; Clark v. Clark, 191 Mo. App. 278; State ex rel. Hackett v.

Slay, 180 Mo. App. 379; Fleming v. Meals and Grimes, 192 Mo. App. 38; Harris v. Wilson et al., 199 Mo. 412; Clay v. Union Wholesale Pub. Co., 200 Mo. 665, 673; Harding v. Bedol, 202 Mo. 625; Stark v. Zehnder, 204 Mo. 442, 449; Pennowfsky v. Coerver, 205 Mo. 135, 136; Langstaff v. City of Webster Groves, 246 Mo. 223; Dalton v. A. L. Register & Co., 248 Mo. 150; Case v. Carland, 264 Mo. 463. (2) Appellant will not be permitted to amend his abstract after he has served it on respondent, without consent of respondent. Cuomo v. City of St. Joseph, 24 Mo. App. 567; Bank v. Davison, 40 Mo. App. 421; Hoffman v. Louden, 96 Mo. App. 184, 188; Tharp v. C. B. & Q. R. R. Co., 157 Mo. App. 495, 502; Hopper v. Fulbright, 174 Mo. App. 499; Everett v. Butler, 192 Mo. 564, 569; Hardin v. Bedol, 202 Mo. 625, 636; Nickey v. Leader, 235 Mo. 30, 36; Mahaffy v. Lebanon Cemetery Association, 253 Mo. 135, 142. (3) Plaintiff's petition states the cause of action. If the words spoken impute a crime or an indictable offense, then they are actionable *per se,* and it is not necessary to prove special damages. Nelson v. Musgrave, 10 Mo. 648, 649; Birch v. Benton, 26 Mo. 153, 159, 160; Callahan v. Ingram, 122 Mo. 355, 368; Bridgman v. Armer, 57 Mo. App. 528, 533; Jones v. Barmer, 172 Mo. App. 132, 137; Boyce v. Wheeler, 197 Mo. App. 295, 304 and 305 and 306; McCimm v. Moore, 237 S. W. 773, s. c. 291 Mo. 697; Caffey v. Moffatt, 246 S. W. 51. Defendant did not file a demurrer to the petition, nor move to strike out any part thereof, but contented himself with filing a general denial and for the first time attacked the petition by "objection to any evidence." This practice has been repeatedly condemned by all the appellate courts of this State. (4) It was a "crime" to paint the door or window of defendant's store, or garage with yellow paint. Section 3383 provides: Every person who shall willfully, and maliciously destroy or injure the door or window of any dwelling house, shop, store or other house or building shall be guilty of a misdemeanor. So, too, was it a crime to paint defendant's

truck with yellow paint. Section 3385, R. S. 1919, provides: Every person who shall willfully destroy or injure any goods, wares merchandise or other personal property of another shall be deemed guilty of a misdemeanor. Section 3417 provides that: Every person who shall be convicted of a misdemeanor as provided by this article (which is article 5 of chapter 24) the punishment for which is not hereinbefore described, shall be punished by imprisonment in the county jail, not exceeding one year, or by a fine not exceeding $500, or by both such fine and imprisonment. Section 3714, defines a misdemeanor as follows: The term misdemeanor, as used in this, or any other statute, shall be construed as including every offense punishable only by fine or imprisonment in a county jail, or both. Section 3715, R. S. 1919, defines crime or criminal offense as follows: The term "crime," "offense,' and criminal offense," when used in this or any other statute, shall be construed to mean any offense as well as misdemeanor, as felony, for which any punishment by imprisonment or fine, or both, may by law be inflicted. (5) Appellant, under his points and authorities "B," asserts that the alleged crime of malicious mischief, which he says plaintiff calls malicious trespass, does not involve either moral turpitude nor subject the guilty party to infamous punishment, but in this appellant is mistaken. Vol. 25 Cyc. on page 272, defines "what constitutes moral turpitude" as follows: "Moral turpitude in this connection, has been defined to be an act of baseness, vileness or depravity in the private and social duties which man owes to his fellowman, or to society in general, contrary to the accepted and customary rule of right between man and man, and cites a number of Missouri cases." Under the head or subdivision, "Punishment by fine" Cyc. says "there is divergence of authority as to the character of punishment necessary to render actionable the imputation of an offense involving moral turpitude but not subject to infamous punishment. In some states corporal punishment

is essential and that as the immediate punishment and not merely as a consequence of a failure to pay a fine. In other states punishment by pecuniary fine alone may be sufficient. "Oral charge of an offense involving moral turpitude by punishment." It is slander, *per se,* although the offense is subject to alternative punishment by fine. Under our law, however, the conviction of a person for malicious mischief, subjects him to punishment by fine and also to punishment by imprisonment in the county jail. Therefore, there can be no question that the conviction of the offense under section 3383 or 3385 does involve moral turpitude and also subjects the offender to infamous punishment. Rammel v. Hart, 46 Mo. 460; Curry v. Collins, 37 Mo. 324; Birch v. Benton, 26 Mo. 153; Houston v. Wolly, 37 Mo. App. 15. (6) It is not necessary to prove all or the exact words; it is sufficient to prove enough of the words alleged to show the charge. Lewis v. McDaniel, 82 Mo. 557, 581 and 585; Krup v. Corley, 95 Mo. App. 640, 651 and 652; Hauser v. Steigers, 137 Mo. App. 560, 567; Kuntz v. Hartwig, 151 Mo. App. 94, 100; Allen v. Edward Light Co., 233 S. W. 953, 958 and 959.

BRADLEY, J.—Plaintiff filed his petition in Polk county to recover damages for an alleged slander. The venue was changed to Greene county where a trial was had before the court and a jury, resulting in a judgment in favor of plaintiff for $1000 from which defendant appealed.

During the World War defendant's son was inducted into the service. Because of physical infirmities of the son defendant diligently sought his discharge, and was finally successful. Defendant's activities and the son's discharge aroused some feeling and resentment. Finally on a night in July, 1922, defendant's store windows, store front, garage door and truck were smeared with yellow paint. Defendant was indignant and endeavored to ascertain who was responsible for the paint-

ing. It is alleged that defendant, having reference to the painting and to plaintiff said in the presence of others: "It was Tommy Vaughn who done the painting." It is contended that the act of painting defendant's property in the manner charged constituted the crime of malicious mischief under section 3383, Revised Statutes 1919, and that defendant's words, supra, spoken of and concerning plaintiff and under the circumstances obtaining, charged plaintiff with the crime of malicious mischief, and, therefore, constituted actionable slander. The answer is a general denial.

Error is predicated on the petition, the sufficiency of the evidence and on the instructions. At the beginning of the trial defendant objected to the introduction of any evidence on the ground that the petition failed to state a cause of action, was overruled and saved his exception. In this manner of challenge every intendment will be indulged in favor of the petition after verdict. Defendant bottomed his *ore tenus* demurrer on two grounds. First, that the words alleged to have been spoken by him do not *per se* charge a crime, and that the petition does not contain the required colloquium; and second, that there is no allegation that plaintiff had no interest in the property alleged to have been painted. After alleging the words claimed to have been spoken by defendant and in whose presence spoken, plaintiff alleged as follows: "Plaintiff further states that the defendant by said language intended to and did charge this plaintiff with having committed crimes in this: That he intended to and did charge that plaintiff painted defendant's store front, store windows, garage door and truck with yellow paint, and thereby injured and destroyed said property, and thereby committed malicious trespass. . . . and plaintiff states that the said language was so understood by the said W. B. Palmer and L. A. Munshower and divers other persons, and that defendant intended by said language to charge plaintiff with being a violator of the law and a law breaker and a

criminal, and that said language was so understood by the said W. B. Palmer and L. A. Munshower and said divers other persons at the time." We think the petition is good against the complaint that there is not sufficient extrinsic averments showing the slanderous character of the language when applied to plaintiff. [Parsons v. Henry, 177 Mo. App. 329, 164 S. W. 241.]

The petition does not charge that plaintiff had no interest in the property painted. An indictment or information for malicious mischief under section 3383, Revised Statutes 1919, which fails to allege that the defendant had no interest in the property, is fatally defective. [State v. Crenshaw, 41 Mo. App. 24.] Failure to allege that the defendant had no interest in timber cut and carried away precludes the assessment of treble damages under section 4242, Revised Statutes 1919. [O'Bannon v. Railroad, 111 Mo. App. 202, 85 S. W. 603; Mishler Lumber Co. v. Crain, 112 Mo. App. 454, 87 S. W. 41.] But we do not think that plaintiff's petition is so lamed by the failure to allege a lack of interest on the part of plaintiff in the property painted as to render it vulnerable to a demurrer *ore tenus*. The petition charges that some person or persons painted "the store windows, store front, garage door and truck *of defendant*." The petition further charges that "defendant on the next day after *his* property had been painted as aforesaid," etc. The petition goes on and charges that defendant imputed to plaintiff the crime of malicious mischief. The expressions *property of defendant, his property, malicious mischief,* as used in the petition would indicate that plaintiff had no interest in the property painted. Indeed defendant could not by any language charge plaintiff with the crime of malicious mischief for painting the property, if plaintiff had an interest in the property. After verdict absent any challenge except an *ore tenus* demurrer, every intendment is invoked in favor of the petition. When plaintiff's petition is measured by this well-known rule we do not think it fatally defective. Where omitted

allegations may be implied from the allegations made in the petition then the defect of omission is cured after verdict. [Powell v. Rawson Land Co., 221 S. W. (Mo. App.) 765; Shaler v. Van Wormer, 38 Mo. 386; Keaton v. Keaton, 74 Mo. App. 174; Wisecarver v. Ins. Co., 137 Mo. App. 227, 117 S. W. 698; Peoples Bank v. Scalzo, 127 Mo. 164, 29 S. W. 1032; Robinson v. Levy, 217 Mo. 498, 117 S. W. 577; Reineman v. Larkin, 222 Mo. 157, 121 S. W. 307.]

Defendant contends that the evidence is not sufficient to support a judgment, and that his requested instruction in the nature of a demurrer should have been given. The demurrer is predicated upon three propositions. First, that there was no injury to defendant's property shown, and no crime committed, and therefore, no crime imputed by the language alleged to have been used by defendant; second, that in order to constitute actionable slander the crime charged must be within the scope of the acts denounced by section 3612, Revised Statutes 1919; third, that there was no evidence that any one understood that, by the language used, or alleged to have been used, defendant charged or imputed to plaintiff the offense of malicious mischief. The first contention that there was no material injury shown is founded upon the language of section 3383, Revised Statutes 1919. If the painting of defendant's property was not a crime, then, of course, he did not charge plaintiff with a crime. The evidence shows that the property was smeared with yellow paint. Section 3383 makes it a misdemeanor, the punishment for which may be a fine or imprisonment in the county jail to ''willfully and maliciously destroy or injure the door or window of . . . any store,'' etc. Defendant contends that the painting neither materially injured nor destroyed, and that no crime was committed. Did the painting *injure* the property as that term is used in section 3383? In Mitchell v. State, 62 S. W. (Tex.) 572, defendant was charged under a malicious mischief statute with unlawfully and willfully injuring a public

school building. The following definition of *injure* was there approved: ''The word 'injure' as used herein and meant by law is an injury which would render said building less agreeable, useful or comfortable for the purpose for which it was intended.'' We think that this definition is correct and adopt it as the meaning of the word *injure* in our statute, section 3383. Applying this definition of *injure* it is our opinion that smearing defendant's property with yellow paint as shown by the evidence was a misdemeanor under section 3383.

In order to constitute actionable slander in charging one with the commission of a crime is it essential that the crime charged must be one denounced by section 3612, Revised Statutes 1919? Section 3612 reads as follows: ''Every person who shall falsely and maliciously charge or accuse any female of incest, fornication, adultery, or whoredom, by falsely speaking of and concerning such female, in the presence and hearing of any other person or persons, any false and slanderous words which shall impute to her any such offense, or who shall in like manner falsely and maliciously charge any person with incest, or the infamous crime against nature, or with any felony, the commission of which would subject such person to disfranchisement and other degrading penalties, shall be deemed guilty of a misdemeanor.''

Section 3612 sets out those acts for which one may be prosecuted criminally for the offense of slander. There are many misdemeanors of which one might be falsely charged or accused and yet have no redress against the accuser in a criminal prosecution. Plaintiff could not have successfully prosecuted defendant for charging him with having committed the offense of malicious mischief, because the offense of malicious mischief is not embraced within section 3612. We find no case in this State supporting defendant's contention respecting the point in hand. The courts, it seems, have ruled otherwise. [Birch v. Benton, 26 Mo. 153; Curry v. Collins, 37 Mo. 325, l. c. 328; Bundy v. Hart, 46 Mo. l. c. 462; Callahan v. Ingram,

217 Mo. App.—40.

122 Mo. 355, l. c. 368, 26 S. W. 1020; Boyce v. Wheeler, 197 Mo. App. l. c. 303, 195 S. W. 84; Caffey v. Moffatt, 246 S. W. (Mo. App.) 51.]

In Curry v. Collins, supra, the court uses the following language: "as to what words are in themselves actionable, the general rule would seem to be, that the charge contained in them must be such that, if true, it would subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment; (Brooker v. Coffin, 5 Johns. 1919; Martin v. Stillwell, 13 id. 275) but as many offenses are indictable as misdemeanors, not necessarily involving moral turpitude or any infamous punishment, it has been held that the rule that is most safe and certain in its application is, that words are in themselves actionable which impute an indictable offense for which corporal punishment may be inflicted. [Birch v. Benton, 26 Mo. 153.]"

It is stated in Birch v. Benton, supra, that words are in themselves actionable which impute an indictable offense for which corporal punishment may be inflicted as the immediate punishment, and not as the consequence of a failure to satisfy a pecuniary penalty. We construe this to mean that the crime imputed must be punishable in the first instance by imprisonment in order for the words imputing the crime to constitute actionable slander. One convicted of the crime of malicious mischief may be punished in the first instance by imprisonment in the county jail. [See Sec. 3417, R. S. 1919.] Therefore words imputing the crime of malicious mischief constitute actionable slander.

Plaintiff's chief instruction predicated recovery upon the theory that the alleged slanderous words were spoken in the presence of the witness Munshower; that said words imputed to plaintiff the crime of malicious mischief, and were so intended by defendant and so understood by Munshower. The words alleged to have been spoken and as set out in the instruction were not action-

able *per se*. Hence it was necessary to plead and prove how the words were understood. Plaintiff so recognized this necessity as appears from his petition and his instruction. But there is no evidence in the record as to Munshower's understanding of the words alleged to have been spoken. Such evidence was necessary and competent.

In Lewis v. Humphries, 64 Mo. App. 471, the court used this language: "The rule to be deduced from the authorities to be presently cited, including those of our own State, is that, in an action where the words are not obviously slanderous, that, in order to entitle plaintiff to recover, first, he must allege and prove that the words were actually used in an actionable sense and were applied to plaintiff; second, that the hearers so understood them, and upon this latter point the testimony of the hearers as to how they understood them is admissible."

The same rule is again stated in Williams v. Turnbull, 232 S. W. (Mo. App.) 172, as follows: "There is no longer any doubt that words which do not on their face alone impute the wrong, or do not (as here) obviously or necessarily charge a criminal offense, must be alleged to have been spoken in an injurious sense and to have been so understood by the hearers, and the proof admitted under this allegation was wholly proper. It must be remembered that this is an action for slander and not one for libel."

In plaintiff's instruction No. 1 the jury was required to find, before finding for plaintiff, that defendant said of and concerning plaintiff "it was Tommy Vaughn who done the painting or substantially the same words," etc. Strenuous objection is made to the word *substantially*. The identical words laid in the petition must be proved or enough of the words must be proved to constitute the slanderous charge imputed or charged to have been imputed in the petition, and it will not be sufficient to prove words of similar import. [Clements v. Maloney,

55 Mo. l. c. 357; Haynes v. Robertson, 175 S. W. (Mo. App.) l. c. 292.] We do not approve this instruction; but defendant is in no position to complain, because he made the same error. In defendant's instruction A the jury was told that "the plaintiff must prove to the satisfaction of the jury by a preponderance of the evidence that the defendant uttered the words charged as slanderous or substantially those words in the petition as set out in the instructions, and proof that he uttered equivalent words or words of similar import will not do." Defendant contends that since he followed the objectionable language in his instruction with the direction that equivalent words or words of similar import would not do, that he should escape the penalty imposed upon an appellant for making the same error as the one of which complaint is made. We do not believe that such following up as here is sufficient to avoid the consequence sought to be avoided. The cases are a unit in holding that an appellant cannot successfully complain of an error where he is guilty of making the same error. This rule of course is general, and is not confined to slander cases.

Complaint is made of instruction No. 3 given for plaintiff because of the use of the word think. We do not deem it necessary to rule on this assignment. If the cause is again tried the objectionable feature if this instruction will no doubt be eliminated. Defendant asked instruction E, which was refused. This instruction is as follows: "The court instructs the jury that if you find from the evidence that defendant in answer to all inquiries about who did the painting said that all he knew as to who painted his store was that the dogs went to Tommy Vaugh's and Okey Adams' and his language was so qualified then your verdict must be for defendant C. L. May."

This instruction was based on the evidence of defendant, and submitted his theory. Plaintiff says that the refusal of this instruction was proper because it is a

comment on the evidence.   Clearly in a slander case such
an instruction is not a comment on the evidence.   No
more is it such than is plaintiff's instruction No. 1.   Plain-
tiff's instruction submits the language which plaintiff
claims that defendant used.   Instruction E submits the
language defendant testified that he used.   We think that
instruction E should have been given.   [Rooker v. Rail-
road, 204 S. W. (Mo. App.) 456; Boles v. Denham, 208
S. W. (Mo. App.) 480; Smith v. Southern, 236 S. W. (Mo.
App.) 413; Jennings v. Cooper, 230 S. W. (Mo. App.)
325.]

We might here say that plaintiff, if the cause is
retried, should omit his instruction No. 2.   There was
no issues raised justifying this instruction.   Also that
the words ''or secured some person to paint the de-
fendant's store windows, garage door and truck'' as
appear in plaintiff's instruction No. 1 should be elimi-
nated.   There is nothing in the pleadings or in the evi-
dence to justify such language in the instruction.

Plaintiff sued for $3500.   The jury returned a verdict
for $2500.   On motion for a new trial the trial court re-
quired a *remittitur* of $1500 and entered judgment for
$1000.   The only elements of damage submitted in plain-
tiff's instruction No. 3 on the measure of damages were
mental anguish and humiliation.   The trial court filed
a written opinion which is printed in plaintiff's state-
ment and brief; and in this opinion the reason for limit-
ing the elements of damage to mental anguish and hu-
miliation, is given.   The court said: ''The court is
.   .   .   .   doubtful as to whether or not the speaking
of the slanderous words to one man would be regarded
by the law as sufficient publication to constitute a basis
for injury to reputation.''   It is contended that the
judgment entered after the *remittitur* is still excessive
when measured by the mental anguish and humiliation
suffered by plaintiff, a boy seventeen years of age, be-
cause defendant falsely accused him of doing the paint-
ing.   There is no definite rule by which to be guided.

In Vogel v. Bushnell, 203 Mo. App. loc. cit. 633, 221 S. W. 623, a cause in libel, the court said that there was no scale by which the damages can be measured. "They admit of no other test than the intelligence of the jury governed by a sense of justice . . . What is mortification, humiliation and injured feelings to one man is not necessarily so as to another.

If the cause is retried plaintiff is entitled, if he so requests, to have included among the elements of damage injury to his reputation. The law fixes no standard as to the number of persons who must hear and understand the alleged slanderous words. One is sufficient. [Allen v. Edward Light Co., 209 Mo. App. loc. cit. 173, 233 S. W. 953, 25 Cyc. 365, 366, 366J, 1223.] In view of another trial it is not necessary to rule on the question of excessive damages.

The judgment should be reversed and the cause remanded, and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.