BUTZ, Appellant, v. MURCH BROTHERS CONSTRUCTION COMPANY.

Division One, November 21, 1906.

1. **CONTRACTOR: In Charge of Building: Proof.**   Where the answer admits that at the time of the accident to plaintiff defendant was engaged in erecting the building, that plaintiff was in its employ on the third floor thereof, that he fell therefrom and received personal injuries, and the proof tends to prove that defendant was engaged in constructing the building as a master to whose orders and directions its employees doing the physical work yielded obedience, there is ample proof that defendant "had charge of the construction of the building" within the meaning of an ordinance requiring the person "having charge of the construction of a building to have joists or girders of each floor above the second floor covered with scaffold boards," etc.   A primary definition of the word "erect" is "to construct."

2. **NEGLIGENCE: Contributory: Manifest Danger: Question for Jury: Uncovered Joist and Girders: Nonsuit.**   Where the entire third floor on which plaintiff was at work in handing up boards to the carpenters on the floor above was denuded of its covering except one plank, at the time he fell, and where, in the condition in which the floor was, through the failure of his master to obey the ordinance which required the joist and girders to be

covered, compliance with the master's orders was manifestly
attended with some danger, negligence on the servant's part
does not necessarily arise from his knowledge of the danger.
In order that it should, the danger in obeying the order must
be so glaring and imminent that a man of ordinary prudence
would not undertake to obey the master's order; and the ques-
tion, whether the danger was of that character or not, when
one about which reasonable men might differ, is one of fact, to
be considered by the jury in determining whether the servant
had been guilty of negligence contributing to his injury. And
in such case it is error for the trial court to force the injured
servant to an involuntary nonsuit.

Appeal from St. Louis City Circuit Court.—*Hon.
Moses N. Sale,* Judge.

REVERSED AND REMANDED (*with directions*).

*A. R. Taylor* for appellant.

(1) There was clear negligence against defend-
ant established, for it is a settled rule of decision in
this State that a violation of such an ordinance is neg-
ligence. Brannock v. Elmore, 114 Mo. 59; 1 Shearman
& Redfield on Negligence, sec. 13; Murray v. Railroad,
101 Mo. 236; Dickson v. Railroad, 104 Mo. 501; Hutch-
inson v. Railroad, 161 Mo. 253; Weller v. Railroad, 164
Mo. 205; Sluder v. Railroad, 189 Mo. 135; Wendler v.
People's House Furnishing Co., 165 Mo. 527. (2) This
ordinance is a valid exercise of the powers inherent in
a municipal corporation to pass laws or ordinances for
the protection of the lives and limbs of citizens. This
is clearly deducible from the foregoing authorities—
and is emphatically so declared in the case of Bran-
nock v. Elmore, supra, of an ordinance *in pari materia*
with this ordinance; and the ruling of the court upon
a similar ordinance in the case of Wendler v. People's
House Furnishing Co., 165 Mo. 541, was to the same
effect. (3) The risk arising from a failure of the de-
fendant master to obey a law enacted for the protec-
tion of workmen is not assumed by the servant. It is

not an ordinary risk of the employment, because it would violate reason and fact to say that upon entering the employment the master and servant in this case both understood that the master would fail to obey a binding law made for the protection of the servant, to-wit, render safe the third story of the building as the work progressed, by covering the joists and girders with material so as "to protect workmen either from falling through such joists," etc., and we submit that it would stultify the intelligence of the workman to imply that he assented voluntarily to this neglect of the master, to do that for his protection which the law required. The following cases hold that a servant never assumes a peril, arising by reason of the neglect of a master, to perform the duties he owes the servant: Blanton v. Dold, 109 Mo. 75; Settle v. Railroad, 127 Mo. 342; Pauck v. Dressed Beef Co. 159 Mo. 477; Curtis v. McNair 173 Mo. 280; Wendler v. People's House Furnishing Co., 165 Mo. 527; Cole v. Railroad, 183 Mo. 94. The following cases hold that a servant cannot contract to assume a peril arising from a neglect of duty which the law imposes upon the master: Blanton v. Dold, 109 Mo. 75; Railroad v. Spangler, 44 Ohio St. 471; Roesner v. Hermann, 10 Bliss 486; Railroad v. Eubanks, 48 Ark. 460; Hessing v. Railroad, 91 Ala. 514. (4) In this case the plaintiff had been engaged less than one hour at the work in which he sustained disaster. He had been directly ordered to do the work by the master, through Allen Spencer, the foreman. He testifies that he didn't realize the danger. He thought that notwithstanding the failure of the master to cover the joists sufficiently, as required by the law, he could use the means provided with safety. His master thought so too, or he wouldn't have ordered him to do the work, presumably. He fell a victim to the fact that the plank on which he walked was treacherous and turned or broke with him, and he was cast into the chasm, open and uncovered, through the master's neg-

lect. If it be contended that the turning or breaking of the plank was the cause, the answer is that it was a part of the cause, but the open chasm prepared by the master's negligence was the direct cause of the injury. Bassett v. St. Joseph, 53 Mo. 300; Lore v. Mfg. Co., 160 Mo. 626; Musick v. Pkg. Co., 58 Mo. App. 322; Newcomb v. Railroad, 169 Mo. 425.

*Percy Werner* for respondent.

(1) There was a total failure of proof that defendant "had charge of the construction" of the building in question, and consequently no evidence to support the issue as to negligence or violation of the ordinance in failing to securely cover the girders by joists of the third floor, and, hence, it was the duty of the court to grant the peremptory instruction requested. (2) The negligence which will prevent a recovery is nothing more than the absence of proper care in such case as a person of ordinary prudence would exercise under similar circumstances, and when such contributory negligence is shown as defeats plaintiff's right of action, it is the duty of the court to declare the result as a matter of law. Doerr v. St. Louis Brewing Ass'n, 176 Mo. 557; Chaney v. Railroad, 176 Mo. 598; Coatney v. Railroad, 151 Mo. 35; Kreis v. Railroad, 148 Mo. 321; Sindlinger v. Railroad, 126 Mo. 315; Purcell v. Shoe Co., 187 Mo. 276.

BRACE, P. J.—This is an action to recover damages for personal injuries. At the close of the plaintiff's evidence the court instructed the jury that under the pleadings and evidence the verdict should be for the defendant. The plaintiff excepted, took a nonsuit with leave, and in due time moved to set the same aside, which motion having been overruled he appeals.

The petition charges:

"That on the 9th day of June, 1903, the plaintiff

was engaged in erecting a four-story building at or near the corner of Randolph street and Jefferson avenue, in the city of St. Louis, and had charge of the construction of said building; . . . that the plaintiff was in the service of the defendant as a laborer on the third story of said building and whilst in the due discharge of the duties of his employment he fell through the girders of said building at the third story, and fell to the basement, on the concrete, and sustained great and permanent injuries upon his head, face, nose and body. His right leg was crushed and the bones thereof broken and the sinews and ligaments crushed and injured, and also sustained great internal injuries. And the plaintiff avers that the defendant negligently failed to have the girders or joists on the third floor, and above the second floor, of said building covered with boards or other suitable material as said building progressed so as to sufficiently protect workmen and this plaintiff from falling through such girders or joists—and sustaining injury thereby, as required by section 165 of the Revised Ordinances of the city of St. Louis, which violation of said ordinance was the direct cause of plaintiff's injury as aforesaid.

"And plaintiff further avers that the defendant was further negligent in providing such place, for him to work, in discharge of the duties of his employment, without having said girders or joists covered to prevent him from falling through said girders and sustaining injury thereby, which negligence of the defendant directly contributed to cause plaintiff's said injuries."

The answer of defendant, omitting caption, is as follows:

"Comes now the defendant and for answer to plaintiff's petition admits that it is a corporation organized as therein alleged and that it was at the time mentioned therein engaged in erecting a building at or near the corner of Randolph street and Jefferson avenue, in the city of St. Louis, and admits that on the

9th day of June, 1903, plaintiff was in its employ as a laborer on the third floor of said building and that he fell therefrom and received certain personal injuries, but defendant denies each and every other allegation in said petition contained.

"And for further answer defendant says that the extent to which said third floor and the girders and joists thereof at the time in question, were covered or uncovered was plainly open and visible and obvious to plaintiff at said time, and that he assumed all the risks of injury to himself in working on or walking about said floor in its said condition.

"And for further answer defendant says that the said injuries were sustained by plaintiff as the direct result of his own want of ordinary care in going upon and walking over the uncovered portion of said floor.

"Wherefore, having fully answered, defendant asks to be dismisssed hence with its costs."

The reply was a general denial.

The ordinance pleaded and given in evidence is as follows:

"It shall be the duty of the person or persons having charge of the construction of any building hereafter erected to have joists or girders of each floor above the second floor covered with scaffold boards or other suitable material as the building progresses, so as to sufficiently protect the workmen, either from falling through such joists or girders, or to protect the workmen or others who may be under or below each floor from falling bricks, tools, or other substances whereby accidents happen, injuries occur and life and limb are endangered."

The evidence tended to prove that on the 9th of June, 1903, the plaintiff was in the service of the defendant as a common laborer; that he had worked for the defendant about three months, the last month on the building in which he was injured, the foundation of which, as one of the defendant's employees, he had as-

sisted in laying. The building was three stories above the basement—the third-story room was about fifty by eighty feet—in this room the plaintiff was, on that day, at work passing up boards through a skylight to the carpenters on the roof of the building in obedience to the order of defendant's foreman—the floor of that room had not yet been laid—the main girders for the floor, of yellow pine, twelve by fourteen inches, running lengthways of the building and from fourteen to sixteen feet apart, with cross girders or joists about seven feet apart, were in place without any covering over them or the spaces between them except that here and there were some loose boards at distances varying from eight to twenty feet apart on the joists or girders and across the spaces between them. The plaintiff, after having passed up two or three boards of the required dimensions and procured another, was on his way with it over one of these boards across one of the open spaces between the joists or girders, to pass it up the skylight, when he fell, and, there being no board or covering within five or six feet of the one he was on, he was precipitated some fifty feet to the concrete floor of the basement below, receiving serious and permanent injuries.

The only question in the case is whether on the evidence under the pleadings the case should have gone to the jury.

I. The first contention in support of the nonsuit is, that there was a total failure of proof that defendant "had charge of the construction of the building." This contention is untenable. The defendant in its answer admitted that at the time of the accident it was engaged in erecting the building; that the plaintiff was in its employ on the third floor thereof, and that he fell therefrom and received personal injuries. One of the primary definitions of the word "erect" is "to raise, as, a building; to build, to construct." [Webster's Dictionary.] So, it was admitted that the defendant

was engaged in constructing the building, and all the evidence tended to prove that it was engaged in constructing the building as master, to whose orders and directions its employees doing the physical work yielded obedience, hence it "had charge of the construction" of the building within the letter and meaning of the ordinance.

II.　That the defendant was guilty of a violation of the ordinance in regard to this floor on which the plaintiff was required to work in having it in the condition that it was at the time of the plaintiff's injury is not disputed; and that the plaintiff did not assume the risk to him by reason of that condition, arising from the failure of the defendant to discharge the duty imposed upon it by the ordinance, is conceded in deference to a long line of decisions by the court. [Huhn v. Railroad, 92 Mo. 440; Soeder v. Railroad, 100 Mo. 673; O'Mellia v. Railroad, 115 Mo. 221; Francis v. Railroad, 127 Mo. 669; Bradley v. Railroad, 138 Mo. 302; Doyle v. Trust Co., 140 Mo. 1; Hamman v. Coal Co., 156 Mo. 232; Pauck v. Beef Co., 159 Mo. 467; Grattis v. Railroad, 153 Mo. 380; Connolly v. Printing Co., 166 Mo. 463; Minnier v. Railroad, 167 Mo. 112; Holmes v. Brandenbaugh, 172 Mo. 66; Haviland v. Railroad, 172 Mo. 112; Curtis v. McNair, 173 Mo. 279; Parks v. Railroad, 178 Mo. 108.]

But for the defendant, it is contended that, "admitting that the entire third floor had been denuded of its covering at the time in question, and that there was simply a network of girders and joists with here and there an occasional board left lying from girder to joist or joist to girder, over an area ninety by fifty feet, so that one attempting to walk across the joists or girders or the occasional board had on either side of him a yawning abyss fifty feet," the plaintiff was guilty of such contributory negligence as warranted the court in taking the case from the jury.

It appears from the evidence that at the time of the accident the line of work in which the plaintiff was engaged was that of carpenters' assistant; that he was at work on the third floor in the condition in which it was, in obedience to the order of the defendant's foreman, Mr. Spencer, by whom he was ordered "to get some twelve-inch flooring boards and pass them up to the carpenters," on the roof; that such boards were in the room in which he was at work, lying here and there across the joists and girders; that he got and passed up two or three of them, got another, and was in the act of crossing with it from the place where he picked it up to the skylight, where it was to be passed up to the carpenters on the roof, when the board upon which he stepped either broke or turned, and he fell.

If the plaintiff was guilty of any negligence in the matter, so far as the evidence shows, it was in undertaking to obey the order of his master under the circumstances. That, in the condition in which the floor was through the failure of his master to obey the ordinance, obedience to his order was attended with some danger, was manifest, and that such danger was known to the plaintiff is beyond question, but negligence on his part does not necessarily arise from such knowledge; in order that it should, the danger in obeying the order must have been so glaring and imminent that a man of ordinary prudence would not have undertaken to obey it; and the question, whether the danger was of that character or not, about which reasonable men might differ, was one of fact, to be considered with all the other facts in the case by the jury in determining whether plaintiff had been guilty of negligence contributing to his injury. Whatever may be the rule elsewhere, this is the accepted doctrine, and has been the settled law in this State ever since the decision in Huhn v. Railroad, 92 Mo. 440, supra, as will be seen by reference to that and the other cases hereinbefore cited.

The court erred in giving the peremptory instruction and in overruling the motion to set aside the nonsuit. The judgment of the circuit court thereon will, therefore, be reversed, and the cause remanded to that court, with directions to set aside the nonsuit and grant the plaintiff a new trial. All concur.