MURCH BROTHERS CONSTRUCTION COMPANY, Respondent, v. FIDELITY AND CASUALTY COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted March 4, 1915. Opinion Filed April 6, 1915. Opinion on Motion for Rehearing Filed May 18, 1915.

1. EMPLOYERS' LIABILITY INSURANCE: Settlement After Abandonment of Case by Insurer: Liability of Insurer. Plaintiff, a construction company, held an employers' liability policy insuring it against loss for common-law or statutory liability for damages on account of injuries to or death of any employee while on duty but excluding liability for injuries occasioned by reason of plaintiff's failure to observe any ordinance of which it had knowledge. The policy further provided that insurer should defend any action against plaintiff, and that plaintiff should not settle any claim, except at its own cost, without insurer's written consent, and that no action should be brought against insurer unless it be brought to reimburse insured for loss actually sustained and paid by it in satisfaction of a judgment within sixty days from the date of such judgment after trial of the issue. Plaintiff was sued by an em-

MARCH TERM, 1915. 491

Murch Bros. Const. Co. v. Fidelity Cas. Co.

ployee for injury alleged to have resulted from the breach of an ordinance and from common-law negligence, and insurer undertook the defense. At the first trial, plaintiff took an involuntary nonsuit, and, on appeal, this judgment was reversed on the ground that the employee's evidence as to the violation of the ordinance pleaded entitled him to go to the jury. A second trial resulted in a verdict for the employee, and, pending a motion for a new trial, insurer withdrew from the defense, on the ground that the only liability involved was a violation of the ordinance, of which plaintiff construction company had notice, and for which violation insurer was not liable under the policy. The judgment rendered on this verdict was reversed, on appeal, for error in an instruction submitting the question of whether the ordinance was violated. After the case had again reached the trial court, the employee amended his petition so as to charge only common-law negligence, and a consent judgment was entered in favor of the employee and paid by the construction company. The appellate court did not, on either appeal, pass on the question of common-law liability and that question had never been eliminated from the case. In an action on the policy, *held* that the amendment of the petition in the employee's action, by eliminating the charge that the ordinance was violated, was immaterial, since, whether that charge was eliminated or allowed to stand, insurer's liability would depend entirely upon whether the employee's injury resulted from the employer's breach of a common-law duty, and insurer having been afforded an opportunity in the present action to prove that such was not the case, and the evidence introduced tending to prove that it was, insurer had its "day in court" on that issue and was bound by the finding thereon; *held, further*, that insurer, having voluntarily abandoned the defense on the ground that the only issue was that of the employer's breach of a known ordinance, for which insurer was not liable under the policy, was not entitled to notice of the amendment of the petition, resting the employee's recovery on the employer's common-law negligence, for which insurer was liable under the policy, and that, after such abandonment, the construction company had the right to compromise the case, and if such compromise was fair and the accident sued for was a risk insured against, insurer was liable for the amount paid by way of compromise; *held, further*, that the motive and purpose of the employer, in consenting to an amendment of the employee's petition, so as to omit the allegation of a breach of a known ordinance, and to allege common-law negligence on the part of the employer, for which the insurer was liable, was immaterial, since it was acting within its right and did not act in bad faith toward insurer in doing so; and hence it is *held* that a verdict for plaintiff was warranted by the evidence.

492    190 MISSOURI APPEAL REPORTS,

Murch Bros. Const. Co. v. Fidelity Cas. Co.

2. **EVIDENCE: Motives and Intentions.** The state of mind of the person doing the act complained of does not affect the right to do it. If it was a lawful act, however ill the motive might be, he had a right to do it; if it was an unlawful act, however good his motive might be, he would have no right to do it; and hence motives and intentions are absolutely irrelevant.

3. **EMPLOYERS' LIABILITY INSURANCE: Liability of Insurer.** Where one is bound to protect another from a liability, he is bound by the result of the litigation to which such other is a party, provided he had notice of the litigation and an opportunity to control and manage it.

Appeal from St. Louis City Circuit Court.—*Hon. William T. Jones*, Judge.

AFFIRMED.

*Percy Werner* for appellant.

(1) To have taken charge of the defense of the Butz case unconditionally, and not to have relinquished the further defense of the case to its assured, after the judgment predicated upon a violation of an ordinance, would have been to have conclusively estopped appellant from thereafter asserting that the Butz case was not covered by its policy. Myton v. Fid. & Cas. Co., 117 Mo. App. 442; Royle Mining Co. v. Fid. & Cas. Co., 126 Mo. App. 104; Fairbanks Canning Co. v. London G. & A. Co., 154 Mo. App. 327; Tozer v. Ocean A. & G. Corp., 94 Minn. 478; Portland Cement Co. v. Insurance Co., 11 N. Y. App. Div. 411; affirmed 162 N. Y. 399; Employers' Liability Ass. Co. v. Coal & Coke Co., 141 Fed. 962. (2) Appellant was bound to act promptly after it appeared from the verdict on the second trial of the case that respondent's liability to Butz was based upon its violation of the ordinance pleaded in Butz's petition. Riley v. Insurance Co., 117 Mo. App. 229, 235; Powers Shoe Co. v. Odd Fellows Hall Co., 133 Mo. App. 229, 245. (3) Appellant's conditional assumption of the defense of the Butz case, and its subsequent withdrawal from the defense, after a judgment predicated on a violation of an ordinance, such withdrawal having been acquiesced in by its assured, and

the further defense and final settlement of the Butz case having been conducted by its own attorney, did not prejudice appellant's right to contend that the Butz case was not covered by its policy. Unnewehr Co. v. Standard L. & A. Ins. Co., 176 Fed. 116; Sargent Mfg. Co. v. Travelers Ins. Co., 165 Mich. 87; 130 N. W. 211; 34 L. R. S. (N. S.) 491, 495; Mason-Henry Press v. Aetna Life Ins. Co., 130 N. Y. Sup. 961, 965; Chicago-Coulterville Coal Co. v. Fidelity & Casualty Co., 130 Fed. 957. (4) Under the terms of the policy, assured was forbidden to settle any claim, except at its own cost, "without consent of the company previously given in writing." Under the circumstances of this case, certainly after having procured an elimination of the ordinance violation charge, plaintiff should not have settled the new common law liability charge without consent of the company previously given in writing, or at least without giving it the opportunity to consent or decline. (5) The petition failed to state a cause of action, and appellant's objection to the introduction of any testimony, and its motion in arrest of judgment, should have been sustained. After respondent had taken charge of the Butz case, through its attorney, and the petition had been amended, eliminating the charge of ordinance violation, respondent should in good faith have notified appellant thereof and tendered it back the defense of the new case, and this the court is able to pronounce as a matter of law from the averments of the petition in the case at bar, giving the history of the Butz case; and the absence of an averment that it did so re-tender the defense of the Butz case makes the present petition fatally defective. (6) The procurement by respondent's counsel, through a secret agreement, of the amendment of the original Butz petition, for the express and avowed purpose of eliminating the charge of ordinance violation, in order to clear the way to charge defendant with the contemplated amount to be paid in settlement of the case, was such

494    190 MISSOURI APPEAL REPORTS,

Murch Bros. Const. Co. v. Fidelity Cas. Co.

an act of bad faith as should estop plaintiff from thereafter contending that it had not been guilty of a violation of the ordinance, and that such violation did not relieve the insurance company from any liability for the loss thereby occasioned. Tennent v. Union C. Life Ins. Co., 133 Mo. App. 345, 361. Even in the absence of an actual fraudulent intent, such conduct constitutes a fraud in law. Kerr on Fraud & Mistake, pp. 1, 2; Derby v. Donahue, 208 Mo. 684, 700; Bishop v. Seal, 87. Mo. App. 256, 261; Spence v. Renfro, 179 Mo. 417. (7) The condition of the policy, that no action should lie against the insurance company except to recover for the amount paid in satisfaction of a judgment after trial of the issue, was valid, and, in the absence of some evidence of waiver or estoppel, and of any showing that the judgment was entered with the knowledge or consent of the insurance company without a trial of the issue, was binding on the plaintiff. For this reason, too, the demurrer to the evidence should have been sustained. Dunham v. Philadelphia Casualty Co., 179 Mo. App. 558; Mining Co. v. Casualty Co., 143 Mo. App. 555. (8) A collusive judgment is no judgment at all. The very object of the policy condition requiring a judgment, after trial of the issue, was to prevent collusion. To ask for the enforcement against appellant of the consent judgment procured by respondent against itself in the Butz case, would, under the circumstances of this case, be to ask the court to assist in the perpetration of a legal fraud. The maxim *"Volenti non fit injuria,"* applies to the plaintiff's course in this matter. Sanfers v. Frankfort, etc., Ins. Co., 72 N. H. 485, 498; See also, authorities cited under Point VI, supra.

*Seneca N. Taylor* for respondent.

(1) Where an indemnity insurance company refuses to defend a suit for damages by an employee against his employer, or, where it undertakes such de-

fense and then abandons the same, if the policy made it the duty of the indemnity company to make such defense, the employer holding such policy may recover of the indemnity company the costs incurred in such defense, including the reasonable sum paid the employee for a compromise of his claim. St. Louis Beef & Provision Co. v. Fidelity & Casualty Co., 201 U. S. 173; Railroad v. News Co., 151 Mo. 373; Mining Co. v. Casualty Co., 143 Mo. App. 561; Grocery Co. v. Fidelity Co., 130 Mo. App. 421; Showers v. Wadsworth, 81 Cal. 270. (2) The objection that a liability is not within the terms of a policy may of course be waived. Where the insurer undertakes the defense of an action brought by the injured employee against the insured, with full information, it will be deemed to have waived the point that the liability was not within the terms of the insurance policy. Tolzer v. O. Acc. & Guar. Corp., Ltd., 94 Minn. 478; Employers' Liability Ins. Corp. of London, England, v. Chicago & Big Muddy Coal & Coke Co., 141 Fed. 962; Brown v. O'Connell, 200 Fed. Rep. 228; Boyle Mining Co. v. Fidelity & Casualty Co., 126 Mo. App. 104. (3) Where an indemnity insurance company undertakes to defend the employer for an injury to an employee resulting from a violation of a statute, and the company continues to defend until judgment for plaintiff, and then refuses to pay the judgment because not within the provisions of the policy, such defense constitutes a waiver of the nonliability of the insurance company, and it is compelled to pay such judgment. Boyle Mining Co. v. Fidelity & Casualty Co., 126 Mo. App. 104; Davis v. Wakelee, 156 U. S. 689; Allen v. Hickman, 156 Mo. 59; Bank v. Wilson, 87 Mo. App. 534. (4) In the case at bar appellant, having refused to further defend the case after the judgment of $3000 was awarded, breached the contract, and it is bound by the judgment in the case at bar, even though it was the result of compromise. Kansas City, M. & B. R. R. Co. v. Southern News Co., 151 Mo. 373.

496     190 MISSOURI APPEAL REPORTS,

Murch Bros. Const. Co. v. Fidelity Cas. Co.

(5) Appellant having elected to take the matter of the defense off the hands of construction company and control the defense itself, and construction company having acquiesced in casualty company's conduct, the latter will be regarded as having waived the point of exemption under the policy. Tozer v. Guaranty Corp., Ltd., 94 Minn. 478; Cement Co. v. Travelers' Ins. Co., 162 N. Y. 399; Milling Co. v. Fidelity & Casualty Co., 126 Mo. App. 104; Employers' Liability Assn. Corp. of L. v. Chicago & Big Muddy Coal & Coke Co., 141 Fed. 962.

STATEMENT.—One Eugene W. Butts (the name also spelled Butz), brought his action against Murch Brothers Construction Company, a corporation, hereafter referred to as the Construction Company, to the October, 1903, term of the circuit court of the city of St. Louis. The petition in that case, after alleging that Butz, while in the employment of that company, fell through the girders of a building on the third story to the basement and sustained injuries described, charged the negligence thus:

"And the plaintiff avers that the defendant negligently failed to have the girders or joists on the third floor, and above the second floor of said building covered with board, or other suitable material as said building progressed so as to sufficiently protect workmen and this plaintiff from falling through such girders or joists, and sustaining injury thereby, as required by section 165 of the Revised Ordinances of the city of St. Louis, which violation of said ordinance was the direct cause of plaintiff's injury as aforesaid.

"And plaintiff further avers that the defendant, was further negligent in providing such place for him to work, in the discharge of the duties of his employment, without having said girders or joists covered to prevent him from falling through said girders and sustaining injury thereby, which negligence of the de-

fendant directly contributed to cause plaintiff's said injuries.''

· Averring that, in consequence of the injuries so sustair·'d, he had been permanently crippled and disabled, Butz, the plaintiff in that case, laid his damages at $15,000, for which he demanded judgment.

It appears that the Construction Company, defendant in that case, held what is called ''an employer's liability policy,'' issued to it by the Fidelity & Casualty Company of New York, hereafter referred to as the Insurance Company, or Casualty Company, which policy was in force at the date of the accident and insured the Construction Company against loss from common law or statutory liability for damages on account of bodily injuries or death, suffered or sustained within the period of the policy, by any employee or employees of the Construction Company, while on duty at St. Louis and engaged in the work of the Construction Company as carpenters and laborers. The maximum amount of the liability for injury or death to a single employee was $2500. It is further provided that the policy does not cover loss from liability ''for injuries occasioned by reason of the failure of the assured to observe any local ordinance of which he has knowledge.'' Among the general agreements in the policy are these: That the assured, upon the occurrence of any accident, shall give immediate written notice thereof, with the fullest information obtainable at the time to the insuring company, and shall also give notice with full particulars of any claim that may be made on account of the accident, and shall at all times render to the insurer all co-operation and assistance in its power in and about the settlement or defense of the claim, it being provided that if thereafter any suit is brought against the assured to enforce a claim for damages ''on account of an accident covered by this policy,'' the assured shall immediately forward to the

190MA32

home office of the insurer any summons or process as soon as it shall have been served on it "and the company will at its own cost defend against such proceeding in the name and on behalf of the assured, or settle the same, unless it shall elect to pay to the assured the indemnity provided (here $2500), in Clause A of Special Agreement as limited therein." The policy further provided that the assured "shall not settle any claim except at his own cost, nor incur any expense, nor interfere in any negotiation for settlement or in any legal proceeding, without the consent of the company previously given in writing; but he may provide at the time of the accident such immediate surgical relief as is imperative." It was further provided that no action would lie against the company as respects any loss under the policy, unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment within 60 days from the date of such judgment and after trial of the issue.

Notified of the accident and of the suit, the Fidelity & Casualty Company, in the name of the Murch Brothers Construction Company, took up the defense of this action through its own attorney, Percy Werner, Esq., of St. Louis, who appears then to have been the sole attorney for the defendant in that case, Amos R. Taylor, Esq., representing Butz through the whole litigation.

The answer upon which the case was tried at this first trial, signed by Mr. Werner, after admitting certain formal matters, and admitting that plaintiff Butz was in its employ as a laborer on the third floor of the building, and that he fell therefrom and received certain injuries, denies each and every other allegation in the petition. Further answering, it set up assumption of risk and contributory negligence by Butz.

It appears that after the institution of this action, and prior to its first trial, Mr. Werner, as attorney

for the Casualty Company, and having his office in St. Louis, on October 7, 1903, wrote the Construction Company a letter, in which, referring to the failure of Mr. Murch, an officer of the Construction Company, to meet him with witnesses, writes:

"In this connection, permit me to advise you here, as I have your Mr. Murch personally, that in the event of your liability in this case being predicated upon your violation of the ordinance referred to in the petition, the Fidelity & Casualty Company of New York, which I represent in this connection, will reserve the right to disclaim any and all liability to you for such judgment and its action in undertaking the defense of this case at your request and at its own expense shall not be considered as a waiver of such right."

At this first trial, Butz, the plaintiff, took an involuntary nonsuit and appealing to the Supreme Court that judgment was set aside and the cause remanded for a new trial. [See Butz v. Murch Brothers Construction Co., 199 Mo. 279, 97 S. W. 895.] The opinion in that case was rendered by the Supreme Court on November 21, 1906. Mr. Werner was the sole attorney for the Construction Company in that court.

On or about December 26, 1906, Mr. Werner wrote to the Construction Company that he had a letter from the general attorney of the Insurance Company, the contents of which he would like to discuss at as early a date as possible with Mr. Murch, the president of the Construction Company. It appears that Mr. Murch called on Mr. Werner, who showed him the letter he had received from the general attorney of the Insurance Company, that letter dated December 22, 1906, in which the general attorney suggested to Mr. Werner that he take up the Butz case with the Construction Company and call the attention of Mr. Murch, president of that company, "to the danger and also to our reservation of rights and the form of our policy and ascertain from him how much he is willing to pay.

Please advise him that while we will continue the defense we see no reason why we should contribute any considerable amount because there seems to have been clearly a violation of our policy provisions on his part in failing to comply with this ordinance. Also suggest to him that he should have his attorney take up the matter with you in view of its importance."

At this conference between Mr. Werner and Mr. Murch, which took place about the 27th of December, 1906, in St. Louis, where both had their offices, Mr. Werner advised Mr. Murch that the Construction Company had better get its own attorney to look after its interests in the case "because the evidence seemed to show there was a violation of the ordinance." It appears that Seneca N. Taylor, Esq., was then selected by the Construction Company as its attorney, to be associated with Mr. Werner in the defense of the case. On the 21st of January, 1907, Mr. Werner wrote the Construction Company that the case of Butz against that company was set for trial for the 11th of February following, and asked that the Construction Company see its attorney, Mr. Seneca N. Taylor, with reference to procuring the attendance of the necessary witnesses at that trial. That second trial of the case came on, as we see by referring to our files, on February 14, 1907, Mr. Werner and Mr. Seneca N. Taylor appearing as counsel for defendant Construction Company. That trial, the second one, resulted in a verdict in favor of Butz for $3000, judgment following. The defendant in that case, the Construction Company, thereupon filed its motion for a new trial. On March 1, 1907, Mr. Werner wrote a letter to the Construction Company, in which, after referring to the judgment for $3000, which had been obtained against the Construction Company by Butz and in which a motion for a new trial was then pending, wrote:

"I beg to advise that the Fidelity & Casualty Company of New York, which company I have represented

MARCH TERM, 1915.          501

Murch Bros. Const. Co. v. Fidelity Cas. Co.

in connection with this litigation, writes me, through its general attorney, that it has decided at this time to withdraw from further participation in the defense of this case, inasmuch as this judgment is based upon the sole issue raised by the pleadings in the case, as to whether or not your company was at the time of the accident guilty of a violation of the ordinance of the city of St. Louis, requiring you to keep all floors above the second floor of buildings in the course of construction covered, so as to prevent men and materials from falling through, of which ordinance you have admitted your knowledge, and insisted that you had, prior to the time of the accident, complied with the requirements thereof, and inasmuch as its policy of insurance, which you hold, exempts said insurance company from liability in case of loss on account of injuries resulting from a violation of such ordinance.

"This course is taken in pursuance of the suggestion contained in my letter to you of October 7, 1903, in which I advised you that my client, the insurance company, in defending the case, reserved the right to disclaim any and all liability for any judgment which might result in the case predicated upon your violation of the ordinance in question, and is taken at this time likewise in pursuance to my notice given you in December last, acting under instructions from my client, to the effect that the company would insist on its nonliability under its policy for any judgment which might be recovered in the case, such notice having been given you at that time that you might employ your own counsel to look after your interests in the litigation, of which privilege you availed yourself.

"You are represented by very able counsel, who assisted in the preparation for, and participated in the recent trial of the case, and under all the circumstances there seems no good reason why the insurance company should go to further expense in the matter of defense of this case."

The motion for a new trial having been overruled in the case of Butz v. Construction Company, an appeal was taken to our court, Messrs. Seneca N. and S. C. Taylor here representing the appellant, the Construction Company, and A. R. Taylor, Esq., representing Butz, the respondent, Mr. Werner not appearing of record in our court as counsel for the defendant, there appellant. On March 23, 1909, our court reversed the judgment of the circuit court and remanded the cause. [See Butz v. Murch Brothers Construction Co., 137 Mo. App. 222, 117 S. W. 635.] On reaching the circuit court the cause went to trial for the third time before the court and a jury, October 28, 1909, and resulted in a mistrial, Mr. A. R. Taylor alone representing Butz, and Mr. Seneca N. Taylor representing the Construction Company. The case was again set for trial in the circuit court at the April, 1910, term, Mr. A. R. Taylor still representing Butz, the Construction Company represented at what is called the fourth trial by Mr. Seneca N. Taylor alone. Mr. Werner, as previously stated, never appeared as attorney in the cause after the verdict had been returned at the second trial, and after the motion for a new trial had been filed. When this case came on for its fourth trial at the April, 1910, term, the plaintiff Butz, by his attorney, A. R. Taylor, Esq., filed an amended petition, to which the Construction Company, acting through its attorney, Seneca N. Taylor, Esq., filed an answer in the nature of a general denial. At that April term and on April 12, 1910, a stipulation was filed in the cause, giving its title, as follows:

"It is hereby stipulated and agreed, by and between counsel for the respective parties in the above-entitled cause, that as a compromise between said parties as to the claim of the plaintiff on account of his injuries alleged to have been received while employed by the plaintiff on the 9th day of June, 1903, that judgment may be entered in favor of the plaintiff and

against the defendant in the above-entitled cause in the sum of $1500 upon the amended petition and answer filed in said cause, and that on the payment of said judgment, which it is understood shall be forthwith, and costs of suit, that the defendant shall be released, acquitted and discharged from all liabilities on account of the injuries to said plaintiff.''

This stipulation was signed by A. R. Taylor, Esq., as attorney for plaintiff, Butz, and by Seneca N. Taylor, Esq., representing the Murch Brothers Construction Company. Immediately upon the filing of this stipulation, judgment was entered accordingly and the $1500 provided for thereunder was paid by Seneca N. Taylor, Esq., as attorney for that defendant, to A. R. Taylor, Esq., as attorney for that plaintiff.

The amended petition referred to in the mentioned stipulation omitted all reference to any city ordinance or its violation and assigned negligence thus:

''That the defendant negligently after having removed the scaffolding boards covering said third floor beams and girders, for the purpose of laying the permanent floor, carelessly and negligently ordered the plaintiff to go over said denuded beams and girders and pass up through a skylight, certain isolated boards lying upon said beams and girders and that the defendant was further careless and negligent in failing to provide a safe place for the plaintiff to work in the discharge of the duties of his employment, and in ordering plaintiff, after said beams and girders had been denuded of a temporary flooring for the purpose of laying the permanent floor, and directing him to pass over such beams and girders in the performance of his duties.''

The answer filed to this was a general denial.

It appears by a written statement given by Amos R. Taylor, Esq., and accepted as his testimony at the trial of the case now before us, that at this last so-called fourth trial, plaintiff Butz, represented by A. R. Tay-

lor, Esq., and defendant Construction Company, represented by Seneca N. Taylor, Esq., that Mr. Amos R. Taylor, acting for plaintiff Butz in that case, entered into negotiations with Mr. Seneca N. Taylor, representing the defendant in said action, looking to a compromise of said action of Butz v. The Murch Brothers Construction Co., on the 12th day of April, 1910 (to follow Mr. A. R. Taylor from here on verbatim, he using the first person singular in describing himself):

"I, acting as attorney for the plaintiff Butz, agreed with said Seneca N. Taylor, acting as attorney for the Murch Brothers Construction Company, that I, as said plaintiff's attorney, should file an amended petition in said cause, eliminating and omitting the charge against the defendant contained in the original petition filed in said cause, and charging the defendant with a violation of an ordinance of the city of St. Louis, and basing his charge of negligence alone on common law negligence; that defendant should at once, by its attorney, Seneca N. Taylor, file its answer to said petition, and that at the same time there should be filed a stipulation for a consent judgment in favor of plaintiff and against the defendant for $1500 and costs; that the said Seneca N. Taylor stated at the time said agreement of settlement was concluded that his reason for asking that an amended petition, as aforesaid, should be filed before the consent judgment was rendered, was that a judgment on the original petition might prove an obstacle to his recovery over against an insurance company whose employers' liability policy his client, the Murch Brothers Construction Company, held, of any amount paid in satisfaction of such judgment; that pursuant to said agreement, I did file on said 12th day of April, 1910, an amended petition, as aforesaid, and that thereupon upon the same day defendant filed its answer thereto; that a stipulation for judgment, as aforesaid, was likewise signed and filed on said day, and at the time of the signing of said stipulation the

amount of said consent judgment was paid over to me by the said Seneca N. Taylor, as attorney for the defendant, and the judgment was thereafter satisfied of record.

(Signed)   Amos R. Taylor.''

The Murch Brothers Construction Company, having demanded of the Insurance Company the repayment of this $1500, as well as of the costs and expenditures incurred by it in that behalf, and having been refused payment of it, brought this present action, setting up an account amounting to $2763.75, on which a voluntary credit of $263.75 was entered, leaving a balance of $2500, for which amount with interest and costs Murch Brothers Construction Company demanded payment. Failure of the Casualty Company to further defend the case after the second trial and failure to furnish bond for the appeal or to defend the cause in the Court of Appeals is averred.

In this petition it is also averred, in substance, that the Construction Company, after having, in the necessary performance of its work on the building, removed the temporary flooring required by the city ordinance, had not furnished Butz a safe place to work, in consequence of which he had fallen and received his injuries.

The defendant Casualty Company, appellant here, filed its amended answer to this petition, pleading the condition of the policy to the effect that it does not cover loss for liability for injuries occasioned by reason of the failure of the assured to observe any local ordinance of which it has knowledge. Averring that plaintiff well knew that that ordinance existed and was acquainted with its terms at and before the happening of the alleged injury to Butz, and had failed to observe and comply with it, the defendant avers that it did defend that action of Butz v. Murch Brothers Construction Company until the time mentioned in plaintiff's petition herein, that is, until the end of the

second trial. The matters touching its proposed withdrawal from the defense, on the contingency stated, are set out, and it is averred that this defendant continued in the defense of the Butz case until at the second trial it was established by the evidence, and by the judgment of the court in which the case was tried, that the injury to Butz was occasioned by reason of the failure of plaintiff herein, the Construction Company, to observe and comply with that ordinance; that it, the Casualty Company, then and thereupon gave full and due notice to plaintiff herein that the injury of Butz did not come within the terms and provisions of its policy, and that this defendant was not liable for any loss occasioned by the injury to Butz, and that it had withdrawn from the defense of the cause "as soon as the proceedings therein showed that the defendant was not liable for the reason aforesaid," and after it had given due notice to plaintiff of its intended withdrawal. Denying knowledge or information sufficient whereon to form a belief as to any third trial, it is averred in this answer, on information and belief, although it avers that it had no information until subsequent to April 12, 1910, that the plaintiff in said original cause, Eugene W. Butz, filed the amended petition referred to and defendant consented to a judgment in the cause for $1500, the defendant averring that it has no knowledge or any information thereof sufficient to enable it to form a belief, as to whether this judgment or any part of it was ever paid; avers that it is not informed and had no knowledge, on or prior to April 12, 1910, that the amended petition was to be filed or had been filed in the cause and that no opportunity had ever been given it to defend against the amended petition, but that long after the date upon which, according to the allegations of the petition, the judgment was rendered against the plaintiff Construction Company, this defendant, the Insurance Company, was informed that plaintiff and Butz

had, through their respective attorneys "entered into a secret agreement, whereby it was agreed that there should be filed on behalf of said Butz an amended petition, from which all charges of a violation of the ordinance should be eliminated, and an answer thereto should be immediately, on the same day, filed by the defendant in that suit, plaintiff in this suit, and that judgment should be rendered in favor of said Butz, therein, and that this was done; and, on the same date with the filing of such amended petition and the answer thereto, judgment was, by agreement between the parties, and without any trial or contest, rendered for said above-mentioned sum against the plaintiff herein. But defendant says that all the said steps which it is informed were thus taken in said cause were taken without any notice to it, without any opportunity for this defendant to make a defense to said amended petition, and that said judgment was rendered without trial and without this defendant's knowledge and consent, and that said proceedings were taken by the plaintiff herein for the express purpose of laying a foundation for an action against the defendant herein, and for cutting out its defense to such an action, all to its prejudice and injury."

It is further averred that the course taken by plaintiff, as above mentioned, was in violation of a paragraph of one of the agreements in the insurance policy sued on, which provided that no action should lie against the company as respects any loss under the policy unless brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of the judgment within sixty days from the date of such judgment and after trial of the issue, and was also in violation of a provision contained in the insurance policy to the effect that the insured shall not settle any claim except at his own cost without the consent of the company, this defendant, previously given in writing.

The reply to this was a general denial.

This present cause coming on for trial before the court and a jury, the facts were developed substantially as we have here given them, the pleadings and transcript of the evidence as in the second trial and hereinbefore recited, being introduced, as also the instructions given and refused at that trial, the mandate and opinion of our court, as in 137 Mo. App. 222, before cited, as well as the letters, which we have given, and the stipulation for judgment, as well as Mr. A. R. Taylor's statement; briefly, the facts as we have set them out, were in evidence.

The evidence given at the second trial is set out in full by the respondent in a supplemental abstract.

Mr. Walter Murch, one of the members of the Murch Brothers Construction Company, as also Mr. Abraham J. Murch, the president of the Murch Brothers Construction Company, introduced as witnesses for plaintiff at this last trial, testified in substance that the beams and girders in the building under construction were covered with sufficient boards and planks, as required by the city ordinance, and that they remained so covered until the day before Butz was injured, when the covering was taken away to enable the permanent flooring to be laid, and that the covering required by the ordinance had been in place until it was removed in the necessary progress of the work. This evidence was all objected to by counsel for appellant here as incompetent and irrelevant under the issues joined.

At the conclusion of the testimony for plaintiff the defendant asked for an instruction in the nature of a demurrer to the evidence, which the court refused, defendant excepting. The defendant also introduced evidence tending to prove that its counsel learned of the facts set out in Mr. A. R. Taylor's statement within a day or two prior to the filing of that statement, that being filed April 16, 1912. Counsel

also testified that no notice of any kind whatever had been given to him of the filing of the amended petition, or of the compromise, it being admitted by counsel for plaintiff that he had given Mr. Werner no notice of this compromise or of the filing of the amended petition. At the conclusion of all the evidence the defendant again renewed its request for an instruction that under the pleadings and all the evidence the verdict should be for the defendant. This was refused, defendant excepting.

The defendant then asked a series of instructions, submitting the facts to the jury as have been before set out as to the various proceedings in the case and concluding with the direction that if the jury found these facts to be true, then defendant was not liable.

Plaintiff on its part asked and the court gave instructions covering its theory. In the view we take of the case it is only necessary to notice a few of these instructions, which we will do in discussing the law of the case.

There was a verdict for $2150 in favor of the plaintiff, judgment following, from which the defendant duly perfected its appeal to our court.

REYNOLDS, P. J. (after stating the facts).—It is obvious that the first and crucial point in this case turns upon whether, at the conclusion of the second trial, which resulted in a judgment of $3000 against the Insurance Company, that company was authorized to withdraw from further defense of the case on the ground stated, namely, that the verdict and judgment in that case eliminated from the case all issues as to liability save the issue of violation of the city ordinance by the Construction Company. Whether that is the construction which is to be put upon that verdict and judgment turns largely upon the decision of the Supreme Court in Butz v. Murch Brothers Con-

struction Co., 199 Mo., supra, and of our court in the same case as reported in 137 Mo. App., supra.

It is clear that violation of the section of the city ordinance is set up in the petition as a ground for recovery upon which the case went to trial at the first, second and third trials, the latter a mistrial. Violation of this ordinance was still in the petition when the cause was for trial at what is called the fourth trial, when a consent judgment was entered and the cause was settled by compromise; was in the petition until that petition was amended in pursuance of the compromise which was then made and at once carried out. It was admitted that the Construction Company had actual knowledge of the existence of this ordinance at the time it was engaged in the erection of the building in which the accident happened to Butz.

It is also clear that the petition, throughout all the various trials, had an averment covering common law liability.

Was that issue ever out of the case? We think not: this although it may not have been tried in the first or subsequent trials of the Butz case.

In Butz v. Murch Brothers Construction Co., 199 Mo. 279, 97 S. W. 895, an appeal by plaintiff from an involuntary nonsuit, Judge BRACE, who delivered the opinion for the Supreme Court, states that the only question in the case is as to whether on the evidence under the pleadings the case should have gone to the jury, Judge BRACE saying (l. c. 286): "That the defendant was guilty of a violation of the ordinance in regard to this floor on which the plaintiff was required to work in having it in the condition that it was at the time of the plaintiff's injury is not disputed; and that the plaintiff did not assume the risk to him by reason of that condition, arising from the failure of the defendant to discharge the duty imposed upon it by the ordinance, is conceded in deference to a long line of decisions by the court." The Supreme Court

MARCH TERM, 1915.          511

Murch Bros. Const. Co. v. Fidelity Cas. Co.

paid no attention whatever to the averments of common law negligence. That decision turned solely on the evidence of plaintiff tending to show failure to comply with the city ordinance, the Supreme Court holding that on plaintiff's evidence, defendant introducing none, plaintiff should not have been driven to a nonsuit. So the case came back for a new trial on all the issues as then pleaded.

Following that decision the cause went back for its second trial on the same issues as before, the violation of the ordinance and the common law liability still in the case. From a judgment in favor of Butz the cause was appealed to our court. [See Butz v. Murch Brothers Construction Co., supra.]

The judgment of the circuit court at the second trial was reversed by our court for error in the first instruction and for conflict in the instructions. The error in plaintiff's first instruction, as see page 227, was in the use of the words "and at said time." This "time," said Judge Goode, has reference to the time of the accident to plaintiff in that case; that is, that at the time of the accident, the covering was not in place, as it was required to be by the ordinance. That instruction is beyond question bottomed exclusively on liability under the ordinance. It is said by Judge Goode on the same page (227) that like error appears, "but less conspicuously," in the second instruction given for plaintiff. That instruction here before us is also predicated solely on ordinance liability. It refers to the necessity of keeping a floor or covering over these girders, practically over the whole flooring space, while the men were at work. This could relate only to ordinance violation.

An instruction, the seventh asked by the Construction Company, distinctly told the jury, in effect, that the ordinance should receive a reasonable construction; that it did not mean that the girders should be kept covered to the interference with work. This our court

held was correct and was in sharp contrast with that given for the plaintiff, which, as seen, required the gird- ers to be covered at the time the accident happened; that is, while the work progressed. On the theory of the counsel for the Construction Company, who handled the case at this second trial, if the jury found that it was not practicable to keep the girders covered at the time, there was no ordinance violation, and so our court held.

Our court, holding that these two instructions put a wrong construction upon the liability of the defendant under the ordinance, held that this seventh instruction, given for the defendant, presented the question of or- dinance liability properly and was clearly in conflict with these given for the plaintiff; that the two sets submitted the case to the jury on such a contrary theory that the judgment could not stand.

So it is clear that—apart from side issues, such as contributory negligence, and the like—the point in deci- sion before our court was liability or nonliability un- der the ordinance. Mr. Werner and his associate coun- sel contended at this second trial that there was no ordinance violation. That was in contest at the sec- ond trial. Before the trial court had passed upon that, which was raised by the motion for a new trial, and without following the case to our court on appeal and without taking the judgment of our court on this ques- tion, the Casualty Company abandoned the defense, its counsel withdrawing from the case. Common law lia- bility for negligence was not in decision before our court, it is true, but the effect of that decision was that ordinance liability had not been properly submitted to and passed on by the jury. It is not a strained con- struction of the decision of our court in that case, to say that if the jury found that it was necessary to re- move the temporary flooring, ordinance violation was no longer present.

The case went back for trial on the same pleadings, ordinance and common law liability still present.

So that on no view is it possible to hold that at the second trial, or as the result of our judgment thereon, common law liability had been eliminated and ordinance liability alone left as an issue.

When, therefore, counsel for the Casualty Company withdrew from the case on the theory that all that was left in it was ordinance liability, he was acting under a misconception. Neither he nor his client was justified in then abandoning the defense. Doing so, it was at their own risk and peril. By doing so, they left the Construction Company free to handle the case in its own way, to make any fair compromise and to hold the Casualty Company to its bond, if it should appear that the accident happened to Butz in consequence of acts of negligence as at common law.

When was liability for common law negligence first tried? As far as the record before us discloses, the first time that the issue of liability for common law negligence was present and tried, was in the trial now before us. At this trial between these parties, the learned circuit judge, of his own motion, instructed the jury as follows:

"The court instructs the jury that the fact that the amended petition in the said case of Butz v. Murch Brothers Construction Co., and upon which the judgment for $1500 was rendered, set out only common law acts of negligence, and contained no allegations of a violation of the ordinance, as the basis for said Butz' claim, is not to be considered by you as any evidence showing that such common law acts of negligence were the sole cause of the injuries to said Butz."

That instruction clearly left open to this jury the question of common law and ordinance negligence; it told this jury that the compromise judgment did not foreclose inquiries into these. So also the instructions

given at this present trial at the instance of the plaintiff (respondent here) told the jury, charging them, in effect, that they must find that it was the failure of the Construction Company to furnish Butz a reasonably safe place in which to work which was the sole cause of the accident. At this present trial this appellant offered no evidence whatever on this issue. That offered by respondent, so far as it proved anything, tended to prove that the accident was not the result of a violation of the ordinance. No evidence contradicted this. It follows, then, that there was evidence at the trial of this present case tending to prove that common law negligence was the cause of the accident. Hence the Casualty Company had its "day in court" on that issue in this same case.

The jury were further charged at the instance of respondent that if they found that "acting in good faith," plaintiff "consented to a judgment for $1500 and costs of suit in favor of" Butz, which it had paid, and if the jury found that the amount so paid was a "judicious compromise sum" in settlement of the claim, they should find for plaintiff.

Learned counsel for the appellant with great earnestness dwells on the fact that the amendment of the petition and the compromise arrangement was concealed from the Casualty Company and its counsel until long after it had been consummated, without giving it an opportunity to come back into the case and be heard, and he attacks the compromise judgment as not entered into in good faith, but with intent to defraud this respondent.

Knowledge of this compromise judgment and its attendant circumstances, involving a change in the pleadings, did not come to the Casualty Company until after the arrangement was consummated. Whether lack of this knowledge may be said to have been to the hurt of the Casualty Company, depends upon the question as to whether it was entitled to notice of the

change of the pleadings and of the pending and intended compromise, after it had unequivocally abandoned and withdrawn from the defense of the case. The motive of the Construction Company, assigned by counsel for appellant for this change in the pleadings, was to hold the Casualty Company to its liability. We do not think the motive and purpose is of any particular significance, if the act was within the right of the Construction Company. We had occasion to say in Loewenberg v. DeVoigne, 145 Mo. App. 710, l. c. 716, 123 S. W. 99, that we found the weight of authority to be in support of the proposition "that the state of mind of the person doing the act complained of does not affect the right to do it. 'If it was a lawful act, however ill the motive might be, he had a right to do it. If it was an unlawful act, however good .his motive might be, he would have no right to do it. Motives and intentions . . . are absolutely irrelevant.' " We cited what we thought very respectable, if somewhat ancient, authority for this. The Construction Company had a right to look to the Casualty Company for the payment of any damages in which it might be mulcted for accidents occurring in the course of its construction work, provided that accident was not the result of the violation of the law of the land or of a city ordinance on the part of the Construction Company. We find neither a bad nor an illegal motive here. But, the Casualty Company having abandoned the defense of the case, was it entitled to notice of any further steps that might be taken in it, such as changing the pleadings or effecting a compromise? We think not.

Our Supreme Court, in Strong v. Phoenix Insurance Co., 62 Mo. 289, the rule repeated in Garrison v. The Baggage Trans. Co., 94 Mo. 130, 6 S. W. 701, and in City of St. Joseph v. Union Ry. Co., 116 Mo. 636, 22 S. W. 794, as well as in Kansas City, M. & B. R. R. Co. v. Southern Ry. News Co., 151 Mo. 373, 52 S. W.

205 (the latter at page 390) has announced the rule to be deduced from the current of authorities on the right ' of a defendant having a surety to compromise the claim without first having the assent of the surety, that ' "where one is bound to protect another from a liability, he is bound by the result of the litigation to which such other is a party, provided he had notice of the litigation, and opportunity to control and manage it."

In Showers v. Wadsworth, 81 Calif. 270, which was an action by a sheriff upon a contract to indemnify him against liability arising from the claims of certain parties upon property which was in his custody, it appears that the attorneys who had been representing the surety of the sheriff were discharged by the sheriff after judgments had been rendered and thereby prevented from taking appeals which might have resulted in a reversal of the judgment, the sheriff discharging them because they, on behalf of the surety, had refused to give a stay bond upon the proposed appeals from those judgments. Says the Supreme Court of California (1. c. 274): "We think that the refusal justified the sheriff in refusing to proceed further with the litigation. Wadsworth (who had executed the bond to the sheriff), through his attorneys, had control of the suits. It was for his interest ultimately that they should be prosecuted. . . . The contract of indemnity bound Wadsworth to answer this liability. . . . . For these reasons we think that the discharge of Wadsworth's attorneys after judgment does not do away with the conclusiveness of the judgments as against him."

In St. Louis Dressed Beef & Provision Co. v. Maryland Casualty Co., 201 U. S. 173, in a case with many features similar to the one before us, it is held (1. c. 182) that the defendant, a casualty company there as here, by its abdication of the defense of the action "put the plaintiff in its place with all its rights. To limit its liability as if its only promise was to pay a

loss paid upon a judgment is to neglect the meaning and purpose of the reference to a judgment, and even the words of the promise. The promise in form is to indemnify against loss by certain kinds of liability. The judgment contemplated in the condition is a judgment in a suit defended by the defendant in case it elects not to settle. The substance of the promise is to pay a loss which the plaintiff shall have been compelled to pay, after such precautions and with such safeguards as the defendant may insist upon. It saw fit to insist upon none." At page 181 it is said that the defendant there, by its refusal to defend the case, "cut at the very root of the mutual obligation and put an end to its right to demand further compliance with the supposed terms of the contract on the other side." We shall refer to this case later on another point here involved.

The Casualty Company chose to withdraw from the defense of the case, two causes or classes of negligence present in the pleadings, before there had been any final determination of liability in either, that is liability under the ordinance or at common law. While it was not liable if a violation of the former was found to be the cause of the accident, it was liable if the cause of action turned out to be common law negligence, failure to afford a reasonably safe place to work. When the Casualty Company withdrew it left the Construction Company free to make its defense as best it could, and to make the best compromise it could.

As before here said, the issue of common law negligence was for the first time submitted at this last trial. This Casualty Company was heard on that. If such negligence was the cause of the accident, the Casualty Company was liable on its contract.

In St. Louis Dressed Beef & Provision Co. v. Maryland Casualty Co., supra, in passing upon the effect of the judgment entered in compromise of a claim by the defendant, it is said by Mr. Justice HOLMES,

who wrote the opinion, that the court assumes that the settlement was reasonable and that the plaintiff could not expect to escape at less cost by defending the suit, and that a sum paid in the prudent settlement of a suit is paid under the compulsion of the suit as truly as if it were paid upon execution. It is further said by that justice (l. c. 183) and referring to the action before the court as for money alleged to be due under the policy: "Contracts rarely provide in detail for their nonperformance. It would be stretching the words quoted to a significance equally hurtful to both parties, and probably equally absent from the minds of both, to read them as having within their scope an initial repudiation of liability by the defendant and a requirement that in that event the plaintiff should be bound to try the case against itself, although it should be plain that by a compromise it could reduce its claim on the defendant as well as its own loss."

Our own Supreme Court in City of St. Joseph v. Union Ry. Co., supra, Judge BLACK delivering the opinion, has said (l. c. 643 and following, and referring to the effect of a judgment as establishing the obligation of a surety): "But the judgment in the prior suit is not conclusive evidence of all matters necessary to be proved by the plaintiff in his suit against the indemnitor. Thus the question whether the relation exists which gives a remedy over is, of course, open to inquiry. Again, the judgment in the first suit is conclusive only as to the facts thereby established; for the scope of the estoppel created by the first judgment cannot be extended beyond the points and issues necessarily determined by it. 2 Black on Judgments, sec. 574."

In Strong v. Insurance Co., supra, it is said (l. c. 298): "If notice of a suit threatened, or pending upon the original policy, be given to the re-assurers, they have a fair opportunity to exercise an election, whether to contest or admit the claim. It is their duty to act

upon such notice, when given, within a reasonable time. If they do not disapprove of the contestation of the suit, or authorize the party re-assured to compromise or settle it, they must be deemed to require that it should be carried on, and then, by just implication, they are held to indemnify the party re-assured against the costs and expenses necessarily and reasonably incurred in defending the suit. If they decline to interfere at all, or are silent, they have no right afterwards to insist that the costs and expenses of the suit ought not to be borne by them, as they are exclusively, under such circumstances, incurred for the benefit of the re-assurers, and are indispensable for the protection of the party re-assured.''

The case at bar was tried by the learned trial judge on this theory. It was submitted as a question of fact to the jury to determine whether or not the original plaintiff Butz had been injured in consequence of the Construction Company failing to furnish him a safe place in which to do his work. That issue was tried out in this case. This present defendant, appellant here, was heard on that here, or had an opportunity to be heard on it. But it introduced no evidence tending to contradict the fact that the accident occurred from negligence to furnish a safe place to work, while the testimony introduced here by respondent tended to show that the accident did not occur in consequence of a violation of the ordinance. The learned trial court submitted to the jury in the present case the question of the reasonableness of the compromise amount, and the jury found it was reasonable. This defendant, appellant here, was heard on that, or had an opportunity to be heard on it; it introduced no evidence tending to show that it was unreasonable, but stood on the naked fact that it was entitled to notice of the steps taken in the case after it had withdrawn. We do not think this is the law.

When the Casualty Company abandoned the defense with the issues in it, one for which it was liable, the other not, it took the chance of judgment being rendered on either. The verdict here establishes the reasonableness of the amount at which the cause was compromised. It also established that the accident involved was one arising out of a cause for which the Casualty Company was liable.

Briefly, the fact that the ordinance violation was taken out of the case is not very material. The Construction Company had a right, the Casualty Company having abandoned the defense, to make the best compromise it could. Making one, it was open to the Casualty Company to show that it was of a cause of action for which it was not liable. If the case had been compromised and settled with that cause still in, the Casualty Company would have been entitled to show that the settlement was of a cause of negligence other than for which the Casualty Company was responsible. It was always open to the Casualty Company to show that the real cause was from violation of the ordinance. That question was present and open to inquiry in this action; was in issue and was tried. The finding of liability here is for common law negligence and for that the Casualty Company is liable. The Casualty Company has had its ''day in court'' on that issue and that issue has been found against it.

Upon consideration of the whole case, the evidence, and the instructions, we find no error to the prejudice of the appellant. The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur; *Nortoni, J.,* in result only.


ON MOTION FOR REHEARING.


ALLEN, J.—In its motion for a rehearing appellant lays much stress upon the fact that when the petition in the Butz case was amended, at the time of the

compromise judgment, there was inserted therein (coupled with the alleged negligence in failing to furnish a safe place to work), an allegation to the effect that the Murch Brothers Construction Company negligently ordered Butz to pass over the denuded beams and girders—whereas the original petition in that case contained no such averment; and that, following the lines of that amended petition, the court in the case before us required the jury to find that the injuries suffered by Butz were caused by the giving of such order together with the failure to furnish a safe place to work. And it is argued that there was no common law liability on the part of the Construction Company in removing the temporary floor when it did; that the only common law liability on its part, if any, was for a negligent order of defendant's foreman (brought into the case by the amendment of the petition, without notice to the Casualty Company), and that this negligence in fact was not established.

We do not agree with appellant's learned counsel that there was no proof of an order or direction to plaintiff to pass over the denuded beams and girders, for the evidence is that defendant's foreman ordered plaintiff to pass up certain boards lying about upon the beams, to reach which it was necessary for plaintiff to pass over the beams and girders. But this is beside the mark. Common law negligence inhered in the Butz case throughout, as for a failure to furnish a safe place for plaintiff to perform the work assigned to him when directed to pass up the boards above referred to. It matters not whether the order to pass up such boards be found a negligent one or otherwise. Nor does it matter that there was no negligence at common law (just as there was no violation of the ordinance) for removing the temporary floor when necessary to do so to lay the permanent flooring. Though it was necessary to remove the temporary floor, ordinary care would require that the master temporarily furnish a

reasonably safe means for passing over the particular beams and girders which plaintiff was required to be upon when performing the special task assigned to him as above stated.

This appellant could escape liability under its policy only in the event that the casualty resulted from a violation of the ordinance in question. Its duty was to defend, in behalf of the Construction Company, against any common law liability sought to be established against the latter. Now it seems perfectly clear that no violation of the ordinance was ever established. It is true that the Supreme Court, as said by Judge REYNOLDS, held that there was evidence of a violation of the ordinance and that the lower court erred on the first trial in forcing Butz to a nonsuit. [Butz v. Murch Bros. Const. Co., 199 Mo. 279, 97 S. W. 895.] But the triers of the fact have never found the facts constituting such ordinance violation. When the Butz case came here, on appeal from a judgment rendered upon the second trial, this court held that, under the instructions given, the jury had not been required to find such facts as would constitute a violation of the ordinance; and for this reason the judgment was reversed and the cause remanded. [Butz v. Murch Bros. Const. Co., 137 Mo. App. 222, 117 S. W. 635.] There was never any finding upon the facts thereafter. Following our decision, there was a mistrial; and subsequently the litigation was settled by the compromise judgment, rendered in accordance with a stipulation entered into between counsel for Butz and the Construction Company respectively.

A violation of the ordinance was never established in the Butz case, and the facts disclosed make it appear that the ordinance never was violated; for it seems that the Construction Company laid a temporary floor and did not remove it until necessary to lay the permanent flooring.

And in the case now before us it was found, as a matter of fact, that there was no violation of the ordinance, and hence nothing to relieve this appellant from the obligation imposed upon it by its policy to defend the suit at its own expense and to hold this respondent harmless from liability.

The appellant permanently abandoned the defense of the Butz case after the second trial thereof, upon the theory that the liability had been found to be one for ordinance violation, for which it was not liable under its policy. But in this it acted upon a false assumption, for on appeal to this court it was found that no violation of the ordinance had thus far been in fact found, since the jury had not been required to find facts which would constitute in law such a violation. Appellant undoubtedly, we think, acted at its peril in the premises. And for the reasons so fully set forth in the foregoing opinion, we have no doubt that respondent acted within its rights in compromising the Butz litigation as it did.

Much is said as to the elimination of the charge of liability under the ordinance, by the amendment to the petition at or about the time of the entry of the compromise judgment. But in this connection it should be borne in mind that Butz had never been able to show a violation of the ordinance. The uncontroverted evidence in the present case shows that there was no such violation. If appellant desired to controvert this it had ample opportunity to do so in this action. Evidently the respondent, knowing the facts, did not want to put itself in the position of apparently settling with Butz for a liability which it had always asserted did not exist, thus appearing to recognize that there was such liability on its part, and affording ground for appellant to take the position that the settlement was for a liability not within the terms of its policy. As appellant had altogether abandoned the defense of the case, respondent, we think, owed it no duty to notify it

of the settlement; nor was the latter any fraud upon its rights. In the instant case the court specifically charged the jury that the fact that the amended petition in the Butz case set out only common law acts of negligence was not to be considered as any evidence that such negligence was the sole cause of the injuries to Butz. We do not perceive that appellant has any cause to complain of the amending of the petition at the time of the compromise judgment.

The point is made that we have overlooked a criticism of plaintiff's main instruction herein. As to this it is unnecessary to say more than that we regarded the point made in appellant's original brief as being without merit and not warranting discussion.

With the concurrence of the other judges the motion for rehearing is overruled.